JAMES DICK v. THE STATE.

1. CRIMINAL LAW. *Arson. Indictment under § 2490.*
An indictment for arson, under § 2490 of the Code, must aver that the arson was "in the night-time," and that there "was at the time some human being usually staying, lodging or residing at night."

2. SAME. *Same. Indictment under § 2494.*
An indictment for arson, under § 2494 of the Code, need not aver that the arson was "in the night-time," or that there "was at the time some human being usually staying, lodging or residing at night."

3. SUPREME COURT. *Practice. Verdict right and judgment wrong.*
In a case of arson, where the verdict is right but the judgment erroneous, the judgment is reversed and case remanded for the Circuit Court to enter the judgment indicated by the opinion.

ERROR to the Circuit Court of Yazoo County.

Hon. W. B. CUNNINGHAM, Judge.

*R. Bowman*, for the plaintiff in error.

The indictment was insufficient, and could not support the verdict. *Lewis* v. *State*, 49 Miss. 355.

*George E. Harris*, Attorney-General, for the State.

The indictment is good at common law, both in form and substance.    Code 1871, § 2864; 2 Bishop Criminal Pro-

cedure, §§ 50, 51, 52 and note; 2 Russell on Crimes, 563, 564.

*C. V. Gwin*, on the same side.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error was indicted, tried and convicted of arson, and sentenced to imprisonment for life in the penitentiary. The indictment is not good under § 2490 of the Code, because it does not aver that the arson was in the night-time, or that there was at the time some human being usually staying, lodging or residing at night. It was, therefore, erroneous to sentence the convict to imprisonment for life. But the indictment is good under § 2494 of the Code, and the convict should have been sentenced under that section, which embraces the case of wilfully setting fire to " any other house or building not embraced and provided for in the preceding sections." A dwelling-house not occupied by some human being is not embraced in and provided for by the preceding sections, and is covered by § 2494.

There is no complaint that the verdict is wrong. The indictment is sufficient under § 2494, but the judgment is wrong. We therefore reverse the judgment, but leave the verdict unaffected, and remand the case for the Circuit Court to render judgment under § 2494 of the Code.