## W. C. MAXWELL v. THE STATE.

CRIMINAL LAW.   *Indictment.   Malice.   Code* 1880, § 2710.
> An indictment charging, in the language of § 2710, code 1880, the wilful
> burning of goods, and that it was felonious, but failing to allege defen-
> dant's malice, is fatally defective.   *Jesse* v. *State*, 28 Miss. 100.

FROM the circuit court of Prentiss county.

HON. LOCK E. HOUSTON, Judge.

The indictment in this case charges that the appellant, Maxwell,
" did in the night time wilfully and feloniously set fire to and burn"
certain goods.   A motion to quash was overruled, and from a judg-
ment of conviction the defendant appeals.

Section 2710, code 1880, under which the indictment was
framed, provides that every person who shall " wilfully set fire to
or burn" any of the property therein mentioned shall, on convic-
tion, be imprisoned, etc.

*Inge & Burge,* for appellant.

The indictment does not charge that the burning was maliciously
done, and this was as necessary as to charge that there was a burn-
ing.   Malice is the essence of arson under the common law and the
statute.   It is not sufficient to charge in the language of the
statute, unless the words employed embrace every ingredient neces-
sary to constitute the offense.   The words in § 2710 of the code
fail to do this.   Without an averment of malice, the indictment
charges no offense.   *Jesse* v. *State*, 28 Miss. 100 ; *Sarah* v. *State*,
Ib. 267 ; *Norris* v. *State*, 33 Ib. 375 ;   4 Blackstone, 220 ;   2 East
P. C. 1033 ; Wharton Cr. L. 534.

The sweeping provisions of our statute do not prohibit the right
to test the merits of an indictment as to matters of substance by

motion to quash. A statute intended to have this effect would be violative of the constitutional provision that the accused shall be advised of the nature of the accusation. *Jesse* v. *State, supra; Jefferson* v. *State,* 46 Miss. 272 ; *Lewis* v. *State,* 49 Ib. 356.

*W. M. Cox,* on the same side.

Malice is the essence of the offense of arson at common law, and the same ingredient must enter into the statutory offense. Charging that the burning was wilful and felonious will not be taken as the equivalent of malice, even in statutory offenses where the word malicious is not used. *Jesse* v. *State,* 28 Miss. 100 ; *Sarah* v. *State,* Ib. 267 ; 2 East P. C. 1033.

Nor is it sufficient in a case like this to follow the exact language of the statute. This statute, code 1880, § 2710, creates about twenty distinct offenses of the grade of felony. It merely enumerates them, and there is no attempt to set forth every ingredient necessary to a legal definition. A man might wilfully, that is, purposely and deliberately, do every act enumerated and yet be guilty of no offense. Malice is as indispensable as wilfulness. The legislature did not attempt to specify all the elements of this crime. The district-attorney appreciated this by inserting in the indictment the word "felonious," without which no felony could be charged. *Bowler* v. *State,* 41 Miss. 570 ; *Hays* v. *State,* 57 Ib. 783 ; *Wile* v. *State,* 60 Ib. 260.

*T. M. Miller,* attorney-general, for the state.

The statute, code 1880, § 2710, makes an offense of the *wilful* burning, and that, with the word "feloniously," in the indictment was all that was required.

COOPER, J., delivered the opinion of the court.

Pretermitting the expression of any opinion in reference to the sufficiency of the description of the property destroyed, the indictment must be quashed, because of the absence of the averment of the defendant's *malice.*

The precise point involved was decided in *Jesse* v. *The State,* 28 Miss. 100.

It is to be hoped that in framing a new indictment greater care will be observed in reference to all the points to which exception was taken by the motion to quash.

*The judgment is reversed, the indictment quashed, and the accused directed to be held to answer such indictment as may be preferred against him.*