LAWRENCE TAYLOR *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Indictment. Motion in arrest. Code* 1892; § 1341.

Notwithstanding the provisions of code 1892, §§ 1341, 1354, a judgment in a felony case should be arrested if the indictment be so defective that the nature and cause of the accusation is not clearly and fully stated. *Cook* v. *State*, 72 Miss., 517.

2. SAME. *Malice.*

All indictments for felony must contain the averment that the act was committed with malice aforethought, or equivalent words, otherwise the defect is fatal. *Maxwell* v. *State*, 68 Miss., 339; *Jesse* v. *State*, 28 Miss., 100.

3. SAME. *Code* 1892, § 1255. *Malice.*

An indictment, under code 1892, § 1255, which fails to aver that the poison was mingled with intent maliciously to kill, etc., is defective. Malice must be charged of the intent to kill, etc.

FROM the circuit court of Quitman county.

HON. F. A. MONTGOMERY, Judge.

The facts are stated in the opinion.

*Fitzgerald & Maynard*, for appellant.

The opinion of this court in *Cook* v. *State*, 72 Miss., 517, clearly maintains our position. It is well settled that when the indictment is fatally defective this court will, even when no demurrer or motion in arrest is made, quash it. *Kirk's case*, 13 Smed. & M., 406.

The indictment in this cause does not charge that the intent to kill Gibson and others was with malice aforethought.

When the charge in an indictment is the intent to kill some human being, the intent must be charged to have been with malice aforethought, or equivalent words. This requirement of law is not complied with in this case, by the charge that the mingling of the poison with the food was maliciously done, and the further allegation that the intent to kill was with "malice aforesaid." *Sarah* v. *State*, 28 Miss., 267.

The indictment must charge some act or fact, other than the mingling of the poison with the food, indicating the intention of accused to kill Gibson and other persons. It is not a crime to mingle poison with food, which is often done to kill vermin, hence the necessity for charging some act of defendant, other than the mingling of poison with food, so as to distinguish the intent to kill from such mingling without criminal intent. *Jesse's case*, 28 Miss., 100; *Sarah's case, 1b.*, 267; *Harrington's case*, 54 Miss., 490; *Connelly's case*, 66 Miss., 96; *Sullivan's case*, 67 Miss., 346; *Maxwell's case*, 68 Miss., 339; *Rawl's case*, 70 Miss., 739; *Barkwell's case*, 72 Miss., 535.

The indictment does not charge that the mixture was a deadly poison or calculated to destroy life. The drug itself is not charged to be a deadly poison, and if it be ever so virulent, it does not follow that the mixture would be likely to produce death. An allegation of an actual poisoning might imply that the means employed was a poison; but an indictment for an attempt to poison does not and cannot so imply. *Anthony* v. *State*, 29 Ala., 27; *Osborne's case*, 64 Miss., 318.

*Wiley N. Nash*, attorney-general, for state.

In the court below no objection to the indictment was taken until after verdict, then a motion was made in arrest of judgment.

The sole and single question in this court now is whether the indictment is sufficient after verdict—that is, whether the defects sought to be taken advantage of in this court can be raised in any other way than by demurrer.

This court is referred to § 1354,. code of 1892, which says that all objections to an indictment for defects appearing on the face thereof, shall be taken by demurrer to the indictment and not otherwise, before the issuance of the venire in capital cases and before the jury shall be impaneled in all other cases, and not afterwards, and the court may for any formal defect, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared.

It will be observed that this statute uses these strong terms: (1) all objections (2) shall be taken by demurrer (3) and not otherwise (4) before the issuance of the venire in capital cases and before the jury shall be impaneled in all other cases (5) and not afterwards.    For formal defects the indictment can be amended and the trial proceed, from which the inference is irresistible that for a substantial defect the indictment must be quashed and a new one found or the prosecution cease.    This shows that the legislature was dealing with substantial as well as formal defects in passing this statute.    Our latest decisions on this statute say objections to an indictment for defects apparent on its face must be made by demurrer.  *Gates* v. *State,* 71 Miss., 874; *Norton* v. *State,* 72 Miss., 128.    By an inspection of this statute and a careful reading of the indictment, it will be seen that, in order to sustain this conviction, it is not at all necessary that this party should have intended to murder Gibson or any person, nor is it necessary that he should have intended to kill any one.    If the poison was feloniously mingled with the intent to injure, etc., the offense is complete.    It will be perceived, however, that the indictment goes much further.

Argued orally by *Wiley N. Nash,* attorney-general, for the state.

STOCKDALE, J., delivered the opinion of the court.

Lawrence Taylor was tried and convicted at the September, 1896, term of the circuit court of Quitman county, on an in-

dictment charging him (after the formal part thereof) in the following words, to wit: "That one Lawrence Taylor, late of the county aforesaid, on the twenty-first day of September, A.D. 1896, with force and arms, in the county aforesaid, and within the jurisdiction of this court, wilfully, feloniously and maliciously, did then and there mingle a large quantity, to wit, one drachm, of poison, to wit, strychnine, with a certain food, to wit, milk, with intent then and there feloniously, wilfully and of his malice aforesaid, to kill and injure one M. M. Gibson and other persons to the jurors unknown, contrary to the statute," etc. After conviction he was sentenced to the penitentiary during ten years. Defendant (appellant here) moved the court to arrest the judgment in this case and to discharge the prisoner. That motion was overruled by the court, and defendant appealed and assigns that action of the court below as error.

It is urged by the honorable attorney-general that § 1341, code of 1892, intervenes to prevent appellant from taking advantage of his motion to arrest the judgment, because he did not take advantage of it before verdict, as provided in § 1354, code 1892.

The contention of counsel for appellant is, that the indictment does not sufficiently charge any offense known to our laws, and therefore there was and is no indictment in the case upon which the court could sentence appellant for a felony, and that it may be assailed at any stage of the proceedings.

In the opinion of this court, delivered by the chief justice in *Cook* v. *State*, 72 Miss., 517, it is said of these statutes (§§ 1354, 1341): "The statute was not intended, and could not have been intended, to rob any citizen accused of a felony of his right to have the nature and cause of the accusation preferred against him clearly and fully stated, and any abridgment of the right to be thus informed in any substantial particular would be unconstitutional." It only remains to inquire whether this indictment clearly and fully states the nature and cause of the

accusation preferred against the accused without abridgment in any substantial particular of his rights to be thus informed.

In *Maxwell* v. *The State*, 68 Miss., 339, this court said: "The indictment must be quashed, because of the absence of the averment of the defendant's malice. The precise point involved was decided in *Jesse* v. *The State*, 28 Miss., 100." This opinion was by the learned Justice Cooper. In that case —Jesse's case—the court say: "We are, therefore, of opinion that the statute does not dispense with the averment of malice, and that the indictment, without such averment, showed no offense in law;" and it was quashed on that ground only.

In *Sarah* v. *The State*, 28 Miss., 267, the court said: "It follows, necessarily, from this doctrine (the doctrine laid down in the foregoing argument), in all cases of felony, in which malice is the gist of the offense, that the malice must be averred in the indictment; otherwise it will be defective, and the judgment arrested, on motion." And that is what appellant's counsel contend shall be done in this case.

It is well settled in this state that an indictment charging the crime of murder, or the crime of an attempt to murder, must contain the averment that the act was committed with malice aforethought, or equivalent words, otherwise it will be fatally defective.

The honorable attorney-general maintains that from a close inspection of the statute and a careful reading of the indictment, it will appear that the conviction may be sustained, because the indictment must be held good to charge the mingling poison with food with intent to injure, etc., the language of the statute being "to kill or injure." The indictment, however, charges the accused with mingling the poison with intent to kill and injure, and the jury rendered a verdict of guilty as charged, and the court pronounced the extremest penalty allowed by law. It could not be claimed to be an impartial administration of justice to go to trial upon an indictment clearly charging the highest crime and get a verdict of guilty as

charged in the indictment, and the court pronounced the highest penalty allowed for the highest crime, and then say the lesser crime was well pleaded and the higher penalty must be suffered. We are of opinion that the indictment in this case is fatally defective, and must be quashed.

*The judgment of the court below is reversed, and the motion to arrest the judgment is sustained and the judgment arrested; the indictment is quashed and the prisoner ordered to be held for a new indictment.*

The attorney-general filed a suggestion of error, which was disallowed.