## SOLOMON BANKS v. STATE OF MISSISSIPPI.

### [47 South. 437.]

1. CRIMINAL LAW AND PROCEDURE. *Arson. Code 1906, § 1040. Unoccupied dwelling house.*

To wilfully and feloniously set fire to and burn an unoccupied dwelling house is arson, under Code 1906, § 1040, providing punishment for any person who wilfully sets fire to and burns "any other house or building not embraced or provided for in the preceeding (1036–1039) sections."

2. SAME. *Evidence. Confessions. Second confession.*

Where a prisoner made a confession of crime under circumstances which made it inadmissible on his trial for the offense, a second confesson, made to practically the same parties as was the first one, is not admissible, unless it be clearly shown that it was not made under the same improper influences as was the first one.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

Banks, appellant, was indicted for arson; the indictment charging that he "did then and there willfully, unlawfully, and feloniously set fire to and burn a certain dwelling house then and there situated," etc. Appellant demurred to this indictment because it was not alleged that some one resided therein either in the daytime or at night, nor that the setting fire thereto was in the daytime or night. The court below overruled the demurrer, holding the indictment to be good under Code 1906, § 1040, which is as follows:

"1040 (964). *The Same—The Burning of All Other Houses, Day or Night.* Every person who shall wilfully set fire to or burn, either in the nighttime or daytime, any house of public worship, or any school house, or cotton house, or gin house, barn, stable, mill house of any description, or any house or building erected for manufacturing purposes, or ship, or vessel, or any public building or office of any kind, or any other

house or building not embraced or provided for in the preceding sections of this chapter, shall, on conviction thereof, be imprisoned in the penitentiary not more than ten years."

On the trial the defendant objected to the admission in evidence of two confessions, made by him shortly after his arrest because they were not free and voluntary. The defendant being convicted appealed to the supreme court. The facts are further stated in the opinion of the court.

*Campbell & Campbell,* for appellant.

The indictment alleges that the house burned was a dwelling house but does not allege that any one was living in it, or usually resided there, at the time it was burned.

The only code section under which it can be pretended that the indictment is good is Code 1906, § 1040, but defendant is guilty of no offense under it for the reason that it was intended to cover "Any other house or building not embraced and provided for in the preceding sections" (quoting from the language of this section). And further the class and character of building enumerated, such as churches, school houses, gins, etc., furnish abundant proof that it was not the intention to cover a case like this one.

While it is true that there should be some provision made to cover such a case as this record presents, yet, there is no such provision in the code, and the defendant is entitled to a strict construction of the law as written.

The first confession was made to Morris White in the presence of George V. Warren, the magistrate, Sunday evening.

In the case of *Johnson v. State,* 89 Miss. 773, 42 South. 606, this court held such a confession to be inadmissible. Such is the settled law of this state.

The learned trial judge excluded properly this confession, made Sunday evening.

The confession made the next day practically to the same parties should have been excluded from the jury, because it was

the duty of the state to prove beyond every reasonable doubt that the hope of obtaining his liberty, or of lighter punishment, which the testimony clearly shows was held out to the defendant, was completely and absolutely eradicated from the mind of the defendant. *Ellis v. State,* 65 Miss. 44, 3 South. 188; *State v. Smith,* 72 Miss. 420, 18 South. 482

*George Butler,* assistant attorney general, for appellee.

Appellant was indicted under Code 1906, § 1040.

The demurrer was overruled and properly so. The indictment was good under the section above mentioned. *Dick v. State,* 53 Miss. 384.

After having made the first confession accused was warned that he was, in the language of one of the witnesses, "knocking at the door of the penitentiary."

On Monday morning after the previous confession and warnings the day before and without any inducement whatever he stated to the same parties that he burned the house and told them his reasons therefor, but did not state how he burned it. This last confession was admitted in evidence over appellant's objection and exception.

It will be noticed that the inducement held out to the prisoner to confess was slight, and that after the confession was made, the justice of the peace expressly warned him of the result, and these subsequent statements were made after appellant had been remanded to jail.

We are not unmindful of the rule announced in *Whitley's case,* 78 Miss. 255, 28 South. 852, and *Mackmaster's case,* 82 Miss. 459, 34 South. 156, following earlier cases to the same effect, but contend that this case does not fall within the rule there announced.

The case falls within the rule announced by Campbell, C. J., in the case of *Simmons v. State,* 61 Miss. 243; see also, *Peter v. State,* 4 Smed. & M. 31; *Simon v. State,* 37 Miss. 288; *Van Buren v. State,* 24 Miss. 516.

MAYES, J., delivered the opinion of the court.

The indictment in this case is a good indictment under section 1040 of the Code of 1906. This was expressly held in the case of *Dick v. State,* 53 Miss. 384.

The record shows that testimony was offered to prove two alleged confessions made by appellant. The first confession offered to be proved was made on Sunday afternoon, while appellant was under arrest, and was rejected by the court because made under improper inducement; but the court permitted the testimony offered on the part of the state to prove a second confession, alleged to have been made to practically the same parties to whom the first confession was made, and alleged to have been made the very next day, while appellant was in their custody; and in this we think the court erred. It does not sufficiently appear that the appellant was not acting under the influence of the inducements held out to him the day before to warrant us in concluding that the testimony offered to prove the second confession should have been admitted. In order to make this alleged second confession admissible, it must clearly appear that the second confession was not made under the same improper influence as the first. It is impossible to lay down any general rule on this subject. Each case, in a large measure, must depend upon its own particular facts; and the ruling here made is upon the facts of this case. Wigmore on Evidence, vol. 1, p. 986; *State v. Smith,* 72 Miss. 420, 18 South. 482; *Harvey v. State,* (Miss.) 20 South. 837.

*Reversed and remanded.*