## SEAY *v.* LAUREL PLUMBING & METAL CO.

[71 South. 9.]

STATUTES. *Amendment. Reference to title. Constitutionality.*

Laws 1912, chapter 232, entitled "An act to amend and enlarge section 3074, Code 1906, and to extend and enlarge the provisions of same, so as to provide more effective liens for subcontractors, laborers and others employed," section 1 being headed "Liens of Laborers and Subcontractors Extended"—Code amended utterly fails to comply with section 61 of the constitution of the state, which reads: "No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived shall be inserted at length." This act is unconstitutional because it fails to insert at length, in chapter 232, section 3074 of the Code of 1906, as amended.

APPEAL from the circuit court of Jones county.

HON. J. M. ARNOLD, Judge.

Suit by the Laurel Plumbing & Metal Company against T. H. Seay an another. From a judgment for plaintiff, defendant Seay, appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Brown, Chambers & Cooper,* for appellant.

Chapter 232 of the Laws of 1912, under which this suit was brought, seeks to amend section 3074 of the Code of 1906; this act reads as follows: Section 1—Be it enacted by the legislature of the state of Mississippi that every journeyman, laborer, sub-contractor or other person employed by such contractor, master workmen, mechanic or other person to work on the building, fixtures, machinery or other improvements, or to furnish material for the same, shall have this lien for his work or material. If within thirty days after the building is completed or the contract of such laborer or sub-contractor or workmen shall expire, or he be discharged, he or they shall notify, in writing, the owner of the property on which the building or improvements is being made or his agent or attorney, if he reside out of the country, that said lien is claimed, and said lien shall continue for the space of ninety days from the date of said notice in favor of such mechanic, sub-contractor or laborer, provided, however, that the owner of the building shall not be liable for a greater amount than the amount contracted for with the contractor, and be enforced as provided in said section 3074 of said code.

This act is indefinite and uncertain. It seeks to amend a section of the code by reference thereto only and does not set out the amended section at length. It refers to a lien but does not state its nature, nor does it say to what it shall attach. For the mode or manner of its enforcement reference is made to section 3074 of the code. Section 61 of the constitution provides:

''No law shall be revived or amended by reference to its title only, but the section or sections so amended or revived shall be inserted at length.''

Chapter 232 of the Acts of 1912, is an attempt to amend section 3074 of the code. It does not provide a different remedy but seeks to change the scope or effect of the remedy given by section 3074. The change sought by this act, or that is, the change reflected by it as it now stands, is vicious and far reaching in its effect. Section 3074 of the code is a sane and reasonable law. It provides a lien and a method for its enforcement which is in accord with ordinary business principles. Chapter 232 of the Acts of 1912, which seeks to amend this section is at war with common business methods and dealings. Section 3074 provides, in effect, that when any sub-contractor, etc., has furnished material or labor used in the erection of a house or building, such sub-contractor may give notice in writing to the owner of such house of the amount due, and thereupon the amount that may be due by such owner to the contractor under whom the sub-contractor worked or furnished materials, shall be bound in the hands of such owner for payment of the sum claimed. It then provides an adequate method for the enforcement of such lien. Chapter 232 of the Acts of 1912 seeks to change this statute so as to establish a lien on the property itself for a period of thirty days from the date of completion, regardless of whether the contractor may or may not have been paid in full. Under this act a party for whom a building may be constructed settles with the contractor within thirty days of the completion of such building at his peril. No contractor can be paid within thirty days of the completion of a building unless the party making the payment takes upon himself the risk of being called upon to pay the bills of sub-contractors, etc., who may have performed services or furnished material to such contractor. By this act section 3074 of the code is repealed fully and completely.

"The general rule is that when any statute is revised, or when one statute is framed from another, some parts being omitted, the parts omitted are considered as annulled. Where a statute is evidently intended to revise the whole subject treated in a former statute and though there may be a plain '*casus omissus*' the courts cannot supply it." *Clay County* v. *Chickasaw County,* 1 So. 753; *Mobile & Ohio Railroad Company* v. *Weiner,* 49 Miss. 725.

Section 307 being repealed and no longer the law, reference to it for the method of enforcement of the remedy conferred by the Act of 1912 is ineffectual. That part of section 3074 which refers to the enforcement of the lien has been omitted from the Act of 1912; it is no longer the law and so far as the provision in the act to the effect that the same "shall be enforced as is provided in said section 3074 of said code" is concerned, reference might just as well have been made to some clause in the Koran. All of section 3074 save that portion set forth in the Act of 1912 is repealed by such act. However, the act shows upon its face that it was not the intention of the legislature that it should repeal section 3074; this is true because it expressly refers to section 3074 for the means of its enforcement. This, we respectfully submit cannot be done. It violates the spirit as well as the letter of section 61 of the constitution. Nothing could be more confusing than to have laws amended in this manner. There would be no means of knowing when one had the existing law. A statute might be changed or modified or annulled in some manner by a mere reference in a subsequent statute or Act. This would open the flood gates to misinterpretation and misunderstanding. Chapter 232 of the Acts of 1912 is invalid because of the fact that it violates section 61 of the constitution. The legislature did not intend to enact a law which would have the effect of repealing the materialman's lien statute, yet they did, in effect, do so. We make this statement as to the legislative intent because it is plain from the wording of the act that the

law-makers fully intended section 3074 to be kept alive by expressly referring to it for the method of enforcing the remedy conferred by the act. Two statutes, however, cannot any more occupy the same field at the same time than two bodies occupy the same space at the same time. One or the other must fail, and in the case at bar, it is chapter 232 of the Acts of 1912, which must fail because it contravenes section 61 of the constitution.

If chapter 232 of the Acts of 1912, should be held invalid, section 3074 of the code will remain in full force and effect. It will in effect remove a cloud from the statute in question and put it in good standing once more.

"Where a statute which undertakes to amend an existing statute is invalid, the existing statute remains in full force. 36 Cyc. 1056 citing numerous authorities."

And in the well reasoned opinion of the ' New York Court of Appeals in *People of New York ex rel.* v. *Mensching,* 187 N. Y. 8, 79 N. E. 884, the following language is used: "Can a valid statute be annulled by a void amendment? A section in a later act amending a section in an earlier act, 'so as to read as follows,' if followed by a blank space only, would effect no change in the law.'That is the legal effect of the situation now before us. The section of 1906 is void, at least in the respect mentioned, and a void thing is no thing. It changes nothing and does nothing; it has no power to coerce or release; it has no effect whatever. It neither repealed or substituted, for as it was void it could do neither," citing *Norton* v. *Shelby County,* 118 U. S. 425.

Therefore we submit that since section 3074 of the code will in no way be affected by the decision, other than to be cleared of the doubt and uncertainty which now surrounds it, and further that as this appellant has suffered imposition of an unjust judgment by virtue of this act, it should be declared invalid.

*Halsell & Welch,* for appellee.

Counsel would have this court hold the Act of 1912 Chapter 232, unconstitutional. In no other way can they hope to have this case reversed.

We think they misunderstand the purpose of the statute. It was not intended to repeal section 3074, Code 1906. This is plainly shown by reference in the act to section 3074 as to the manner of enforcing the act. Section 3074 seems to be a very much misunderstood provision of our law. It was never intended to do more than it plainly sets forth.

All efforts to extend this section of the code by judicial interpretations have failed, and it now stands as originally written. It was never designed as an aid to subcontractors or laborers except as to moneys due by the owner to the original contractor.

Since the opinion of this court in the case of *A. & S. Spengler* v. *Stiles Tull Lumber Company* on suggestion of error, there has been no further effort to extend section 3074 of the code by judicial interpretation, but the legislature enacted as a law, chapter 232, Laws of 1913, and this law gives sub-contractors and laborers additional rights without repealing section 3074.

The case of *A. & S. Spengler* v. *Stiles Tull Lumber Company,* is reported in 48 So. 966. In a very able opinion every phase of section 3074 is discussed. No doubt this case discussing the New York system or plan, and the Pennsylvania system resulted in the enactment of chapter 232, Laws 1912. To fully understand the scope and intention of this act we ask the careful reading of the Spengler case. See also 27th Cyc. 101.

As we said above, the criticism aimed at the Act of 1912 seems to have arisen from a belief that the act was intended to repeal section 3074. But we think this is just an additional remedy given to sub-contractors and laborers, just as this court said in *Mayor and Board of Aldermen of City of Jackson* v. *State ex rel. Howie District*

*Attorney,* 59 So. 873, that the Act of 1912, chapter 120, en-- larged and gave a new scheme for commission form of government in addition to that provided by section 3299 *et seq.*

The same point was made in attacking the constitutionality of the act under section 61 of the constitution. We think the case is directly in point and decisive of the question at bar. See also *Mayor etc.* v. *State ex rel. Collins, Attorney-General,* 60 So. 873.

But even if the Act of 1912 is unconstitutional we are under the testimony entitled to judgment on the third count of the declaration, and the case should be affirmed.

SYKES, J., delivered the opinion of the court.

The Laurel Plumbing & Metal Company, a corporation,. brought this suit in the circuit court of the second district. of Jones county, against Dr. T. H. Seay and E. R. Russell, claiming a balance due of four hundred and seventy-- five dollars and three cents, upon the following statement. of facts, viz.: The appellant, Dr. Seay, let a contract to E. R. Russell for the building of a residence in the city of Laurel. The contractor, E. R. Russell, sublet to the appellee the plumbing and heating of the residence. Dr. Seay settled in full with the contractor, Russell, but the contractor failed to settle with the appellee, whereupon the appellee brought this suit, claiming a lien under chapter 232, Laws 1912, and obtained judgment for the amount sued for.

It is the contention of the appellant that this act is unconstitutional; and that is the only question to be decided by this court. The title to chapter 232, Laws 1912, is:

"An act to amend and enlarge section 3074, Code of 1906 and to extend and enlarge the provisions of same, so as to provide more effective liens for subcontractors, laborers and others employed."

Section 1 of said act is headed:

"Liens of Laborers and Subcontractors Extended—. Code Amended."

As the title to the above act states, it is clearly intended by this act to amend and enlarge section 3074 of the Code of 1906. This act cannot be understood without a reference to the above section of the Code. It speaks of certain designated persons having a lien, but does not state upon what this lien attaches. It utterly fails to comply with section 61 of the Constitution of the State of Mississippi, which reads as follows:

"No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

The act in question is unconstitutional, because it fails to insert at length, in chapter 232, section 3074 of the Code of 1906, as amended.

*Reversed and remanded.*