POE *v.* STATE.

(Division A. Feb. 2, 1931.)

[132 So. 92. No. 29170.]

**W. B. Nichols,** of Jackson, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant, Perry E. Poe, was indicted and tried on a charge of burglary and larceny, and was convicted of grand larceny, and sentenced to the state penitentiary for a term of three years, and from this conviction and sentence, he prosecuted this appeal.

The only ground upon which the appellant seeks a reversal is that the court erred in granting one of the

state's instructions, and in disposing of this contention it will be of no value to here set forth the testimony of the numerous witnesses. It will be sufficient to state that, while the testimony is sharply conflicting, the evidence offered by the state is sufficient to support the verdict.

The appellant assigns as error the second instruction granted at the request of the state which authorized the jury to return a verdict of guilty of larceny if it believed from the evidence, beyond a reasonable doubt, that the defendant "did take, steal and carry away the personal property," etc., the particular criticism of this instruction being that it omits the word "felonious" which is an essential element of the crime of larceny.

This exact point was considered by the court in the case of Dedeaux v. State, 125 Miss. 326, 87 So. 664, and it was there held that the word "felonious," as used in the statute defining "larceny," is not merely descriptive of the grade of the offense, but it is an essential ingredient of the crime, and that an instruction which omits this essential element of the crime is erroneous. Other authorities supporting this view are cited in the Dedeaux Case, supra. Upon the evidence in the record now before as we are not able to say that the error in this instruction was not prejudicial, and therefore the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.