## STATE *v.* INGRAM.

(Division B. March 13, 1933.)

[146 So. 638. No. 30595.]

W. D. Conn, Jr., Assistant Attorney-General, for the state.

544

**W. I. Stone,** of Coffeeville, and **Sam C. Mims, Jr.,** and **Ben Wilkes,** both of Grenada, for appellee.

Argued orally by **W. I. Stone**, for appellee, and **W. D. Conn, Jr.**, for the state.

**Griffith, J.**, delivered the opinion of the court.

A demurrer was sustained to an indictment, which, omitting the formal, opening recitals, reads as follows: "That J. J. Ingram in said county, on the 10th day of February, A. D. 1932, did then and there wilfully, unlawfully and feloniously set fire to and burn a building to-wit: A dwelling house of Mrs. Bessie Carter Ingram, the said building being at the time insured against damages and loss by fire under a contract of insurance issued by the Hartford Fire Insurance Company, a foreign corporation, with intent then and there to prejudice and injure the said insurer, the Hartford Fire Insurance Company, a foreign corporation contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

The indictment was evidently drawn under section 785, Code 1930, which reads as follows: "Every person who shall wilfully set fire to or burn any building or vessel, or any goods, wares, or merchandise, or chattels of any kind, which shall at the time be insured against damages or loss by fire, with intent to prejudice or injure the insurer, whether the same be the property of the offender or of any other person, shall, upon conviction thereof, be imprisoned in the penitentiary not less than seven years nor more than ten years."

The state, contending that the indictment contains every essential averment, has appealed. The two main grounds of demurrer are: First, that there is no allegation of ownership of the dwelling house; and, second, that there is no allegation that the defendant knew that the property was insured.

There was a day in the long ago when undoubtedly the demurrer would have been sustained by this appellate court to the quoted indictment, and there are yet a few jurisdictions wherein the same result would follow even today. But unessential technicalities as against indictments are fast losing ground. We think the normal and intelligent mind would naturally obtain the sense from the allegation that "a dwelling house of Mrs. Bessie Carter Ingram" meant a house owned by the party named; and, as to the knowledge of the defendant that the house was insured, we think the allegation that the burning was done with the intent to prejudice the insurer, the Hartford Fire Insurance Company, carries sufficiently the meaning that the defendant knew of the insurance and the company with which insured, else he could not have had an intention specifically charged against him to prejudice the particular insurer named. We have passed on in the progress of the times, and we now look upon most of the old decisions which maintained and required the observance of such technical strictness, only with a curious interest; as, for instance, when in an indictment for murder with a deadly weapon it was necessary to allege in which hand the defendant held the weapon.

Reversed and remanded.