# HALL *v.* STATE.

(In Banc. June 5, 1933. Suggestion of Error Overruled July 5, 1933.)

[148 So. 793. No. 30467.]

**J. T. Armstrong,** of Hazlehurst, and **R. O. Arrington,** of Crystal Springs, for appellant.

J. W. Cassedy, of Brookhaven, and W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

In the last two or three years, the crime of robbery or attempts at robbery by the use and exhibition of deadly weapons in the hands of the offender had become so frequent and had so often been attended by homicide or serious injuries that the Legislature determined at its 1932 session to deal with this problem by a new statute making such an offense capital in the discretion of the jury, and hence there was enacted at said session chapter 328, Laws 1932, approved May 5, 1932, which, with its caption, reads as follows:

"An act to make robbery a capital offense under certain conditions and to fix the penalty upon conviction for a violation of this act.

"Section 1. Be it enacted by the Legislature of the state of Mississippi, that every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such per-

son in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years.

"Section 2. That the passage of this act shall not be held to repeal any existing criminal statute of the state.

"Section 3. That this act shall take effect and be in force from and after its passage."

On Saturday night, September 17, 1932, appellant entered the store building of the Merchant's Grocery Company, in Crystal Springs, through a window which opened into the office in said building. Appellant had disguised himself, and upon entrance held in his hand and exhibited a deadly weapon, to-wit, a pistol. The only person in the office in the building at the time was Mr. C. M. Huber, one of the officers of the grocery company. Appellant presented the pistol and ordered Huber to give over his money, and threatened to kill Huber unless the demand was complied with at once. Huber stated to him that the money was in a desk drawer in another part of the building, and offered to comply with the threatening demand by going to the desk and there making delivery of the money, and, without delay, Huber, who was unarmed, started backing away from the intruder and towards the desk. Appellant followed closely, keeping Huber covered with the pistol, until the desk was reached, at which time Huber pulled out the drawer which contained the money, immediately upon the doing of which appellant shot Huber twice and thereupon fled. Appellant admitted on the stand, as a witness, all the facts aforesaid, and gave as his only excuse for shooting Mr. Huber that he thought that, when Mr. Huber pulled out the money drawer, Huber was attempting thereby to get

hold of a weapon. The testimony discloses that Huber had no such purpose, and that there was nothing in what was done by him which would reasonably indicate any such purpose. And we say this without any intimation that, had Mr. Huber so attempted, it would have been any defense to appellant. Although seriously and dangerously wounded, Mr. Huber survived, and appellant was indicted, tried, and convicted under the quoted statute, and the jury fixed the penalty at death.

Appellant contends that for two reasons the statute is unconstitutional. He contends, first, that the statute is violative of section 61 of the Constitution which provides that "no law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length." It is the argument of appellant that no new or distinct crime was intended to be defined, but that the intent was simply to increase the punishment for crimes of that nature already covered by existing statutes. We do not agree with this contention, but are of the opinion that the statute in question was intended to, and did, compose a new and independent enactment, complete in itself, and that it requires no reference or resort to any other statute to render it intelligible and to determine its meaning and the scope of its operation. This, under all the authorities, takes the statute entirely out of and beyond the purposes of section 61 of the Constitution. And see City of Jackson v. Bank & Trust Co., 160 Miss. 752, 764, 133 So. 195, and the authorities therein cited.

Appellant's second constitutional contention is that the statute is invalid, because it has no sufficient title, and appellant cites section 71 of the Constitution, which ordains that "every bill introduced into the legislature shall have a title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation." This question was definitely dealt with and ruled

upon adversely to appellant's contention in Yazoo County v. Warren, 158 Miss. 323, 130 So. 287, wherein it was held that the sufficiency of the title is a legislative and not a judicial question, and, that, if there be a title, and that title deals substantially with the subject-matter of the act, it is sufficient in so far as the judicial department is concerned.

Appellant complains that the indictment is insufficient to bring the conviction within the new statute, but that rather the language would indicate that it was drawn under section 787, Code 1930. We must agree that the indictment is awkwardly worded and falls short of being a perfect example of legal workmanship; at the same time, however, it contains every essential averment under the new statute, and the course of the trial, including the requests for instructions on the part of appellant, shows that appellant was throughout the trial fully aware that he was being prosecuted under the new enactment. See State v. Ingram (Miss.), 146 So. 638. There is indeed a variance between the indictment and proof in respect to the ownership of the property which appellant was attempting to obtain, but objection was not taken upon this point until after verdict, which, under Horn v. State (Miss.), 147 So. 310, was too late, and amounted to a waiver. We do not decide, and express no opinion, whether under the new statute the property taken or attempted to be taken must be that of the person alleged in the indictment to be the owner; we say only here that, if the variance be material, it has been waived in this case.

We have carefully examined the other assignments, and find none which we can or ought to sustain. In respect to instruction No. 2 granted to the state, we do not hold that the law was therein accurately stated, but, this instruction being upon the question of punishment and not

on the merits, and all the jurors having agreed on the punishment, the error, if any, was wholly harmless.

Affirmed, and Friday, July 14, 1933, is fixed as the day for the execution of the judgment and sentence.