REED v. STATE.

(Division B.   Oct. 8, 1934.)

[156 So. 650.   No. 31442.]

Hearst & Pittman and H. W. Pittman, all of Hatties-
burg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the
state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Plurius Reed, with three others, was indicted by the grand jury of Perry county at the September, 1933, term of court; the indictment reading as follows: "The Grand Jurors for the state of Mississippi, elected, empanelled, sworn and charged, in and for Perry county, state aforesaid, in the name and by the authority of the said state of Mississippi, upon their oath, present; that Plurius Reed, Zeke Santee, Thad McGilvary and Kinton Hinton, on the 11th day of September, 1933, in Perry county aforesaid did wilfully, unlawfully and feloniously set fire to and burn in the night time a certain farm house or dwelling, the property of the Federal Land Bank of New Orleans, Louisiana, a corporation, against the peace and dignity of the state of Mississippi."

There was a severance of the other defendants, and Plurius Reed, when arraigned, on the advice of friends, pleaded guilty, and was sentenced to serve two years in the penitentiary for arson.

Thereafter he filed a motion to set aside the judgment and to be allowed to withdraw the plea of guilty and have the cause remanded to the docket for trial, which motion was overruled.

It appears that, when he pleaded guilty, he made a statement to the trial judge admitting the burning of the house, but claiming that he was directed to do it by his stepfather. On the motion to withdraw the plea of guilty and set aside the judgment, he testified that he had been promised that, if he would plead guilty, nothing would be done to him about the matter, and that he did not know the nature of criminal proceedings. The judge overruled the motion to withdraw the plea of guilty, from which this appeal is prosecuted.

The Code of 1930 sections (780-786) defining arson provide that "every person who shall wilfully set fire to or burn . . . shall be guilty of arson," etc. These sections were repealed by chapter 272, Laws of 1932, section 1 of which reads as follows: "Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of Arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years."

It will be noted that under this chapter, which was in force at the time the offense was committed, the word "maliciously" is embraced in the definition. The indictment here does not charge that the burning was done

maliciously or with any malice or any word equivalent thereto.

In State v. Ingram, 166 Miss. 543, 146 So. 638, where there was an indictment under the Code sections in force prior to the enactment of chapter 272, Laws of 1932, it was held that the words in the indictment that the burning was willfully, unlawfully, and feloniously committed were sufficient to define the offense, and it seems there was a like holding in the case of Banks v. State, 93 Miss. 700, 47 So. 437.

We think, under the statute, chapter 272, Laws of 1932, it is necessary to charge in the indictment, not only that the burning was done willfully, unlawfully, and feloniously, but that it was also done maliciously. See Jesse v. State, 28 Miss. 100, and Sarah v. State, 28 Miss. 267, 61 Am. Dec. 544; Maxwell v. State, 68 Miss. 340, 8 So. 546; Taylor v. State, 74 Miss. 544, 21 So. 129; Cook v. State, 72 Miss. 517, 17 So. 228.

It being necessary to charge that the burning was done maliciously or words equivalent to the language used in the statute, malice becomes an essential ingredient, and must be charged in the indictment. When an indictment imperfectly charges an offense, but is not absolutely void, its validity must be raised either by demurrer or my motion to quash; but, where it absolutely charges no offense and is void, the question may be raised upon appeal. City of Lumberton v. Frederick, 165 Miss. 456, 143 So. 488.

Of course, the proper way to raise a question of total invalidity of an indictment, if not raised by demurrer, should be by motion in arrest of the judgment, and the attention of the trial judge should be directed to the invalidity of the indictment. In this case, we are not advised that the court's attention was directed to the invalidity of the indictment in this manner. But, since the indictment is wholly void, and the question can be raised

at any time, we must entertain the challenge as to the validity raised here apparently for the first time. The motion did ask the court below to set aside the judgment for the failure of the indictment to charge the necessary element of the crime. The court should have set it aside, and we must hold the judgment of the court below as reversed and the appellant held to await the action of the next grand jury.

Reversed, and appellant held for further proceedings.