BRITTENUM *et al. v.* STATE.

(Division A. April 13, 1936.)

[167 So. 619. No. 32001.]

454

Lester G. Fant, Jr., of Holly Springs, for appellants.

**W. D. Conn, Jr.**, Assistant Attorney General, for the state.

**Cook, J.**, delivered the opinion of the court.

E. H. Brittenum, Walker Thomas, Robert Kinkle, and Oscar Watson were jointly indicted on a charge of grand larceny. Robert Kinkle and Oscar Watson entered pleas of guilty, and testified for the state on the joint trial of the appellants, Brittenum and Thomas, who were convicted and sentenced to the penitentiary for a term of five years.

The conviction rests upon the corroborated testimony of the two alleged accomplices who had previously entered pleas of guilty, the purported confessions of Brittenum, and certain circumstances and physical facts. According to the testimony of the two alleged accomplices, the four codefendants, in accordance with a preconceived plan, assembled after midnight on July 6, 1935, and stole a cow of the value of thirty-five dollars belonging to one Isaac Martin, loaded her on a truck belonging to Brittenum, and hauled her to Memphis, where she was sold to a cattle dealer. The appellant Brittenum admitted that he hauled the cow in question to Memphis, but contended that the defendant Oscar Watson hired him to do so, and that he hauled the cow and was paid

therefor in the regular course of his business as a public trucker. Other facts will be mentioned in connection with the points to be discussed.

The first assignment of error is based upon the omission in the state's instruction to charge the jury that, to constitute the crime of larceny, the taking of the property must have been feloniously done. In the case of Dedeaux v. State, 125 Miss. 326, 87 So. 664, and again in Poe v. State, 159 Miss. 76, 132 So. 92, it was held that the word "felonious," as used in the statute defining larceny, is not merely descriptive of the grade of the offense, but is an essential ingredient of the crime, and that in the prosecution for larceny an instruction which omits this essential element is erroneous. In the case at bar, there was no other instruction which cured this omission.

The appellants also assign as error the admission of alleged confessions of the appellant Brittenum. It is admitted that one of the parties who had this appellant in custody promised to aid him if he would make a full confession. There is some confusion in the record as to whether this promise was made before the appellant made the first incriminating admission, but we think the clear inference from the testimony is that the offer of reward or assistance preceded any confession. In any event, the burden was on the state to show that the confessions were entirely free and voluntary. This it failed to do, and in this state of the record, these confessions should have been excluded. Simon v. State, 37 Miss. 288; Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; State v. Smith, 72 Miss. 420, 18 So. 482; Williams v. State, 72 Miss. 117, 16 So. 296; Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L. R. A. (N. S.) 1183, and Wright v. State, 173 Miss. 242, 161 So. 870.

Certain hearsay testimony as to the value of the stolen cow, and the testimony of a witness as to matters appear-

ing in the books in the office of the stockyards in Memphis, should have been excluded.

For the several errors mentioned, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.