AUSTIN *v.* STATE.

(In Banc.  Dec. 6, 1943.)

[15 So. (2d) 684.  No. 35424.]

**H. F. Jones**, of Belzoni, for appellant.

318

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

In an affidavit against appellant under Code 1930, Section 1010, it was charged that he "did then and there unlawfully take, steal and carry away" certain personal property. A demurrer was filed upon appeal to the circuit court but the record does not disclose any order thereon.

Although a felony is defined by Code 1930, Section 1369, as "any violation of law punished with death or confinement in the penitentiary," and although Section 1010 does not make petit larceny so punishable, we have heretofore held that the use of "feloniously" in describing larceny is not merely descriptive of the grade of the offense, but is an essential ingredient of the crime. Watkins v. State, 60 Miss. 323; Poe v. State, 159 Miss. 76, 132 So. 92;

Dedeaux v. State, 125 Miss. 326, 87 So. 664; Brittenum v. State, 175 Miss. 453, 167 So. 619. Since, therefore, the omission goes to the very essence of the offense, it may be availed of for the first time on appeal. Herron v. State, 118 Miss. 420, 79 So. 289; Reed v. State, 171 Miss. 65, 156 So. 650.

Decisions of other jurisdictions which take into account the grade of the offense and which find in the charge of "stealing" implications of an unlawful and felonious taking, having not been persuasive upon our court nor upon the legislature which despite our former decisions has re-enacted in Section 1010 a statutory definition that petit larceny shall consist of a felonious taking. It is but fair to state that the learned Attorney General concedes the soundness of these views.

Reversed and remanded.