CORSO *v.* CITY OF BILOXI.

(Division A.   March 17, 1947.   Suggestion of Error Overruled April 28, 1947.)

[29 So. (2d) 638.   No. 36376.]

[30 So. (2d) 237.

Wells, Wells, Newman & Thomas and Wm. N. Ethridge, Jr., all of Jackson, for appellant.

Jacob D. Guice, of Biloxi, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The sole question presented by this appeal is whether or not Chapter 269, Laws of 1946, is constitutional. It undertakes to authorize and empower the several counties in the State and the municipalities to levy and collect privilege taxes upon certain privileges exercised within such counties and municipalities, and provides a schedule of rates therefor which is specifically set forth in the Act; and it further provides, in Section 2 thereof, that ''All of the general provisions of chapter 137, laws of 1944, shall apply to and are hereby adopted as the means by which the provisions of this law may be enforced, and the taxes and penalties imposed may be collected.'' However, no penalties are imposed by the terms of said Chapter 269, Laws of 1946, and penalties cannot be imposed by implication. Nor are they involved in this suit.

The privilege taxes imposed by the statute here in question are upon ''each person operating, owning, or permitting to be operated in his place of business any automatic or slot weighing machine, or any automatic slot vending machine, or other devices dispensing or selling'' postage stamps, cigarettes, and other articles of merchandise, to be obtained by depositing therein any token, coin or coins, and the tax is imposed upon a graduating scale.

The statute expressly repeals Chapter 132, Laws of 1944, dealing with the same subject matter, but which repealed statute had vested the administration for the

enforcement thereof in the Chairman of the State Tax Commission, instead of the taxing authorities of the counties and municipalities.

The constitutionality of the statute now under consideration is challenged on the ground that it violates Sections 61 and 71 of the State Constitution of 1890.

Section 61 of the Constitution provides that: "No law shall be revived or amended by reference to its title only, but the section or sections as amended, or revived, shall be inserted at length."

As heretofore stated, the statute in question expressly repeals Chapter 132, Acts of 1944, and is a substitute therefor. Hence, it does not either amend or revive that statute, and it is, of course, not so contended by the appellant. But the precise contention is that the said Section 61 of the Constitution is violated in that Chapter 269, Laws of 1946, merely makes reference in the body thereof as aforesaid to the general provisions of Chapter 137, Laws of 1944, as being adopted as the means by which the taxes imposed may be collected under the said Act of 1946. It is urged that this constitutes an amendment of Chapter 137, Laws of 1944, without inserting at length the section or sections amended.

We are of the opinion, however, in view of what is hereinbefore stated, that Chapter 269, Laws of 1946, does not amend Chapter 137, Laws of 1944. It leaves the said Laws of 1944 in full force and effect as written. In other words, it is our opinion that Chapter 269, Laws of 1946, only repeals Chapter 132, Laws of 1944, as aforesaid, and it is merely a substitute therefor. It deals with a subject matter not embraced within the provisions of Chapter 137, Laws of 1944, so far as taxing the privilege of operating, etc., automatic slot weighing machines and slot vending machines is concerned; and it merely adopts the general provisions of the said general privilege tax law as the means by which the provisions of the statute here involved may be enforced, and as the means by which the taxes imposed thereby may be collected.

The Act of 1946 may have as well provided that the provisions thereof may be enforced, and the taxes collected, in the manner now provided by law; and such a provision would have meant the same thing as saying that the general provisions of a then existing statute (Chapter 137, Laws of 1944) should be followed as the means by which the tax imposed under the later statute may be enforced and collected. In such a case, we are of the opinion that Section 61 of the Constitution would not be violated.

The Legislature evidently intended that the general provisions of Chapter 137, Laws of 1944, should apply to and be adopted as the means by which the Act of 1946 should be enforced, and as the means by which the tax imposed thereby may be collected, merely insofar as the same could be made applicable in that behalf, and did not leave any uncertainty as to what was intended as the method to be followed.

Section 3 of Chapter 137, Laws of 1944, provides how any person desiring to exercise any privilege for which a tax is imposed shall obtain the license. Section 203 of the said statute provides what the application for the license shall contain, and with whom it shall be filed. Section 204 of the said Act provides for the issuance of the license after the amount of the tax has been ascertained from the information furnished in the application therefor. And Section 224 of the said Act provides, among other things, that if a privilege tax is not paid when due, the same may be collected by suit, or by seizure of the property of such person liable for the tax, and that the proper officer may sell said property "in the same manner as he may distrain and sell property of other taxpayers delinquent for the payment of ad valorem taxes due on personal property."

It therefore appears that there is nothing doubtful about the provisions of the Act of 1946 as to what taxes are thereby sought to be imposed, nor as to the method by which the same is to be collected.

We have carefully examined the cases relied upon by the appellant, to wit: Seay v. Laurel Plumbing & Metal Co., 110 Miss. 834, 71 So. 9; State ex rel. Booze v. Cresswell, 117 Miss. 795, 78 So. 770; Moore v. Tunica County, 143 Miss. 821, 107 So. 659; Holmes v. States, 146 Miss. 351, 111. So. 860; Buford v. State, 146 Miss. 66, 111 So. 860; Hart v. Backstrom, 148 Miss. 13, 113 So. 898; and Hall v. State, 166 Miss. 331, 148 So. 793, whereby he challenges the constitutionality of the Act in question, and we are of the opinion that they do not require that we hold the said Act unconstitutional, as being beyond every reasonable doubt violative of Section 61 of the Constitution. It would unduly prolong this opinion to discuss each of the cases above mentioned. It is sufficient to say that we do not think that any of them are controlling.

On the second point, Section 71 of the Constitution provides, among other things, that: ''Every bill introduced into the Legislature shall have a title, and the title ought to indicate clearly the subject matter, or matters, of the proposed legislation.'' And we think that the title of the Act in question meets this requirement. It was held in Hall v. State, 166 Miss. 331, 148 So. 793, that the sufficiency of the title of a statute is a legislative question, and that, if the title substantially deals with the subject matter of what is to follow, it is sufficient insofar as the judicial department is concerned.

In the instant case it appears that the privilege taxes assessed by the City of Biloxi against appellant on his machines are in the total sum of $57.50, which he paid under protest; and it does not appear from the record that any penalties are sought to be imposed. The judgment of the circuit court in dismissing the appeal of the taxpayer from the decision of the mayor and board of councilmen of the appellee, the City of Biloxi, is in our opinion correct and should be affirmed.

Affirmed.

On Suggestion of Error.

**Sydney Smith, C. J.**, delivered the opinion of the court on suggestion of error.

The only question raised by this suggestion of error to which we deem an answer necessary is that Chapter 269, Laws 1946, ''does not levy the tax in favor of any governmental subdivision either expressly or by reference.'' That chapter is modeled on Chapter 137, Laws 1944, a portion of the provisions of which it adopts. Chapter 137 levies a large number of privilege taxes and by Section 3 thereof makes it applicable and enforceable only in municipalities and counties adopting it. That Section carries out the purpose of the title of the statute, which is ''an act to authorize and empower the boards of supervisors of the several counties in the state, and the municipalities to levy and collect privilege taxes,'' etc. Section 3 of Chapter 137 is one of its general provisions adopted by Section 2 of Chapter 269, Laws 1946, and limits the taxes imposed by Chapter 269 to collection by, for the benefit of, counties and municipalities which adopt it.

Section 231 prohibits counties and municipalities from imposing privilege taxes ''except upon such businesses as are specified'' therein, but that prohibition is, of course, not binding on subsequent legislatures, consequently, the permission given counties and municipalities by Chapter 269, Laws 1946, to collect the taxes imposed by it is not affected thereby.

Overruled.