## Davis *v.* State

No. 40150          June 11, 1956          87 So. 2d 900

*Means Johnston, Porter W. Peteet,* Greenwood, for appellant.

444

*John W. Price, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

Appellant was indicted for embezzlement under Section 2118, Mississippi Code of 1942. The trial resulted in a verdict of guilty, and appellant was sentenced to serve a term of five years in the penitentiary.

The jury found upon ample proof that appellant, a beer dealer, obtained delivery from the Lawrence Warehouse Company of a quantity of beer under a contract or agreement that he would transport the beer to the Miller Brewing Company at Milwaukee, Wisconsin, and exchange it for other beer, and that upon making the exchange of the beer obtained from the warehouse company for new beer, he would return the new beer to the Lawrence Warehouse Company at Greenwood; that appellant did not transport and deliver the beer received from Lawrence Warehouse Company as he had agreed, and did not return the beer received, and did not return to the warehouse company the new, or other beer; and that appellant appropriated the beer to his own use. Appellant received the beer under the agreement to return

to Lawrence Warehouse Company the exchanged beer. His attempted explanation was that he caused the beer to be trucked to the Southern Barge Line at Memphis, Tennessee, for shipment to Miller Brewing Company, after having made arrangements with one Ike Stein, representative of the Southern Barge Line. He introduced bills of lading signed by Ike Stein and Joe Black. These bills of lading were made out on a form with the shipper's name printed thereon as Davis Motors, Inc., Memphis, Tennessee, a firm formerly operated by appellant. These bills of lading purport to show the shipment of over 9,000 cases of beer, the amount appellant received from Lawrence Warehouse Company, although appellant was indicted for embezzling only 1,000 cases.

According to his explanation, appellant did not know what became of the beer. The jury was justified in finding that there were no such persons as Joe Black and Ike Stein, and that the Southern Barge Line did not in fact exist. There is much confusion as to who trucked the beer to Memphis. There are numerous conflicts in the testimony of appellant, and the jury had good and sufficient grounds to find that appellant's whole story of the shipment of the beer to Miller Brewing Company was a fabrication. The State's proof was sufficient to show that Miller Brewing Company never agreed to exchange the old beer for new beer as appellant claimed, but appellant testified that he was a close friend of the President of the Miller Brewing Company, and that the latter agreed to allow the beer to be exchanged. The president of the brewing company, with whom appellant claimed he made the exchange arrangements, was killed in an airplane crash shortly after the alleged arrangements were made.

■■ ■ Appellant assigns several reasons why his demurrer to the indictment should have been sustained, all going to the proposition that the indictment did not properly inform the appellant of the nature and cause of the

accusation, and that it did not set forth sufficient facts to prevent the application of the statute to any other acts than those made unlawful by the statute, and that no crime known to the law was charged. We think it was a good indictment. It sufficiently described the contract under which appellant obtained delivery of the beer, and that it sufficiently informed the accused of the nature of the accusation. The description of the property was sufficient. It sufficiently informed the accused of the acts made unlawful by the statute and with which he was charged. State v. May, 208 Miss. 862, 45 So. 2d 728; Hall v. State, 166 Miss. 331, 148 So. 793; State v. Ingram, 166 Miss. 543, 146 So. 638.

We find no reversible error in the admission of testimony, and the court properly instructed the jury.

A careful consideration of the entire record and the able briefs filed in behalf of appellant indicate that appellant was skillfully represented and received a fair and impartial trial. We find no error of record that would justify this Court in disturbing the verdict of the jury.

Affirmed.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.