INZER, Justice,
for the Court:
Appellant Billy Harper, along with Roy Dallas and David Collins, were indicted in the Circuit Court of Monroe County for the crime of grand larceny. David Collins was granted a severance. Billy Harper and Roy Dallas were tried and at the conclusion of the testimony the court sustained a motion on behalf of Roy Dallas directing the jury to find him not guilty. Appellant was found guilty and sentenced to serve three years in the State Penitentiary. From this conviction and sentence he appeals. We reverse and remand.
The principal ground urged for reversal is that the trial court was in error in granting Instruction No. 1 on behalf of the state. This instruction authorized the jury to convict appellant if it believed beyond a reasonable doubt from the evidence that the defendant was present at the commission of the “taking, stealing and carrying away” of the property or that he consented, encouraged, or did any act which was an ingredient in the crime, immediately connected to it, or leading to its commission. Appellant objected to this instruction for several reasons and specifically pointed out that it did not require the jury to find that the taking was felonious.
We have held in a number of cases that the word “felonious” as used in the statute is not merely descriptive of the grade of the offense, but it is an essential ingredient of the crime of larceny. In Poe v. State, 159 Miss. 76, 132 So. 92 (1931), we said:
The appellant assigns as error the second instruction granted at the request of the state which authorized the jury to return a verdict of guilty of larceny if it believed from the evidence, beyond *324 a reasonable doubt, that the defendant “did take, steal and carry away the personal property,” etc., the particular criticism of this instruction being that it omits the word “felonious” which is an essential element of the crime of larceny.
This exact point was considered by the court in the case of Dedeaux v. State, 125 Miss. 326, 87 So. 664, and it was there held that the word “felonious” as used in the statute defining “larceny,” is not merely descriptive of the grade of the offense, but it is an essential ingredient of the crime, and that an instruction which omits this essential element of the crime is erroneous. Other authorities supporting this view are cited in the Dedeaux Case, supra. Upon the evidence in the record now before us we are not able to say that the error in this instruction was not prejudicial, and therefore the judgment of the court below will be reversed, and the cause remanded.
(159 Miss. at 78, 132 So. at 92).
Likewise, we cannot say from the evidence in the record now before us that the instruction complained of is not prejudicial. It would serve no useful purpose to detail the testimony. It is sufficient to say that this is a close question of whether the evidence is sufficient to support the verdict. Under these circumstances -vye think that another jury should pass upon the guilt or innocence of the defendant under proper instructions.
For the reasons stated, this case is reversed and remanded.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.