SHADE ALLEN *v.* THE STATE.

1. CRIMINAL LAW. *Indictment. Intoxication of grand juror.*
   An indictment will not be abated or quashed because one or more of the grand jury were intoxicated while it was under consideration.

2. GRAND JURY. *Control of court over.*
   A grand jury is not under the control of the court·like a petit jury is while considering of their verdict and should not be so judged.

3. WITNESSES. *Under the rule. Right of counsel to consult.*
   It is error in a criminal case for the court to refuse to allow counsel for the accused to consult his witnesses for no other reason than that they have been put under the rule. *White's Case*, 52 Miss. 216.

APPEAL from the Circuit Court of Lincoln County.
HON. J. B. CHRISMAN, Judge.

The appellant was indicted for murder. When called on to plead he filed the following plea in abatement: "That part of the grand

jury, namely, J. M. N. Sartin and others, that found and returned the indictment against him, were at the time said grand jury was investigating said charge preferred against him, and at the time the indictment was found, drunk from the use of intoxicating liquors, and while so drunk were present in the grand jury room and participated in the investigation of the charge and finding of the indictment." This plea was demurred to and the demurrer sustained. At the trial all of the witnesses in the case were put under the rule at the request of the district attorney. And after the State had closed its case, counsel for the appellant stated to the court that it was essential to consult certain witnesses summoned on behalf of appellant who were then under the rule. Counsel stated that it was not his purpose and he would not make known to witnesses what had occurred in the court-room. The judge refused to allow the consultation. The sustaining of the demurrer and the refusal by the court to allow the consultation are assigned for error.

*A. C. McNair*, for the appellant.

1. A grand jury is the great inquest between the government and the citizen, and an institution that should be preserved in its purity, and should be composed only of such good and lawful men as will impartially carry the true objects of the institution into effect. It has always been the practice, because of the responsible and weighty duties devolving on a grand jury, to exercise a greater discrimination in its selection than in the case of a petit jury. We have but to inspect the statute of this State in reference to the selection of the grand jury to learn that this qualification or requirement in the members of the grand jury is preserved in all of its original and pristine vigor. The law contemplates that every man shall be indicted by select men, by men somewhat above their fellows in the vicinage, by men of sobriety, and not by a drunken mob. This is the standard which I take the law has erected for parties composing the grand jury. Surely, misconduct of the trial jury which will vitiate a verdict will, when had by the grand jury at the very time of the finding of the indictment, render the indictment abateable. *Pope* v. *State,* 36 Miss. 121; *Russell* v. *State,* 53 Miss. 367; *Green* v. *State,* 59 Miss. 501; *Durr* v. *State,* 53 Miss. 425. The

next question is as to the action of the court in refusing to permit the accused's counsel to consult the witnesses summoned in his behalf, and which had, on application of the State's attorney, been forced to retire from the hearing of the court and put under the rule. The constitutional right of trial by jury and the right of process for witnesses would be meaningless if the trial court has the power to prevent the accused or his counsel from having access to witnesses summoned for him. *White* v. *State*, 52 Miss. 216. To deprive him of this right is to take from him the right to prepare for his defense, and renders the constitutional guarantee a barren blessing.

*J. L. Harris,* for the State.

The refusal of the court to permit counsel for the defendant to confer with his witnesses, even though they had been put under the rule upon the application of the district attorney, was error, for which this court must reverse unless the failure of the defendant to bring up a bill of exceptions embodying all the evidence deprives him of the right to complain. There is no proof that the defendant had more than one witness, and this one was examined. It might be, if all the evidence were before the court, that it would appear that the verdict was manifestly and indubitably correct. Certainly, if any other error than this were complained of, the evidence would be necessary, and in its absence this court would affirm.

CHALMERS, J., delivered the opinion of the court.

It has never been held, here or elsewhere, so far as we can find, that an indictment could be abated or quashed because one or more of the grand jury were intoxicated while it was under consideration by that body. The grand jury is not under the guidance and control of the court, like a petit jury is, while considering of their verdict, and should not be so judged. The plea in abatement was properly demurred to.

The court refused to let counsel for the accused consult with his own witnesses upon the ground that they were under the rule, and for no other reason.

That this was error is settled by *White's Case*, 52 Miss. 216.

*Reversed and remanded.*