WAFER SHAW v. THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Conference with witnesses. Right of accused.*

It is error on the trial of an accused person to deny him the right to confer with his witnesses, although they may be under the rule.

2. INSTRUCTIONS. *Reasonable doubt. Material fact.*

An instruction asked by the accused in a murder trial predicated of a reasonable doubt of his guilt arising out of any part of the evidence, should not be so modified as to relate by its terms only to such reasonable doubt " as to a material fact " arising out of any part of the evidence, since immaterial evidence should be excluded, and the jury cannot be required to pass upon the materialty of evidence.

3. EVIDENCE. *Threats.*

It is error to admit evidence that one on trial for murder made threats seven or eight months before the killing against the brother of the accused.

FROM the circuit court of Oktibbeha county.

HON. EUGENE O. SYKES, Judge.

Shaw, the appellant, was indicted, tried and convicted of a homicide, and appealed to the supreme court.

The opinion states the case.

*Carroll & Magruder*, for appellant.

What does the constitution mean when it says that the accused shall be heard by himself or counsel, or both? Const. 1890, § 26. Manifestly these serious words, crystallized by long use into their present large significance, are not mere "sounding brass and a tinkling cymbal," but mean that the accused, both in person and by counsel, shall have a right to do all things necessary and incident to his fair, legal and constitutional defense. In favor of life, the constitution should be most liberally construed to prevent any injustice to the citizen. That the accused should not have been denied the right to confer with his witnesses, although they were under the rule, is practically settled by the case of *White* v. *State*, 52 Miss., 216. See also *Allen* v. *State*, 61 Miss., 627.

The testimony of the witness, Measles, was wholly incompetent but very damaging to the defendant, and seems to have been injected into the case only because of the persistent determination of the district attorney. When offered, defendant objected because the alleged threats were too remote in point of time (some eight or nine months), and because the evidence without conflict showed intervening friendly relations, and because the alleged threats were directed at the brother of the dead man, and in no way affected the deceased or threw light upon the origin of the difficulty. The objection was sustained by the court. The question was revamped and again asked, and again objected to for same reason, the court finally yielding to the pressure and letting the evidence go in for what it might be worth. It cannot be told to what extent the defendant may have been damaged and prejudiced by this incompe-

tent testimony. That it indicated malice, which was negatived by the verdict of the jury, does not meet the objection that it also tended to show that Shaw commenced the difficulty.

The modification of charge No. 11 for the defendant by the insertion of the words, ''as to a material fact,'' was not correct, and qualifies the law of reasonable doubt in an unwarranted manner. If the modification means that the reasonable doubt must arise out of a material fact, this is certainly not the law, for it may arise out of the lack of evidence, or in any other manner. *Hale* v. *State*, 72 Miss., 140. If, however, the modification means that the reasonable doubt that demands a verdict of not guilty must be a doubt of '' a material fact '' in the evidence or in the case, this would be equally pernicious. The reasonable doubt contemplated by the law is reasonable doubt of the defendant's guilt, and not of some isolated fact in the case. It might well be so that jurors could not select any isolated material fact upon which they entertained reasonable doubt ; but they might still be deeply impressed with the reasonable doubt of defendant's guilt upon the general survey and consideration which the law requires of all the evidence and all the facts in the case taken as a whole.

*Monroe McClurg*, attorney-general, and *J. W. Barron*, district attorney, for appellee.

1. The length of time and intermediate evidences of friendship between the threat and the act, are matters for the consideration of the jury, but do not, of themselves, render the testimony of the witness Measles as to the threat incompetent. The court let this testimony go to the jury '' for what it was worth.'' It at least tended to show the state of mind of the accused toward the deceased. The instruction held it in its proper sphere.

2. When the ''rule'' has been invoked, it rests in the sound discretion of the court as to the extent of its application. It is a mistaken idea to believe that reasonable limitations may

Opinion of the court.

not be placed upon the defendant's communication with his witnesses during the progress of the trial. There was no limitation upon counsel. The gist of their complaint is that the court did not aid them in handling their overcrowded business. The rule announced in *White's case*, 52 Miss., 216, and in *Allen's case*, 61 Miss., 627, was not violated. Neither *Bell's case* nor *Gorman's case*, 66 Miss., 192 and 196, has any application here. It cannot be presumed, in the absence of any showing, that constitutional rights have been entirely ignored, or that they have been unreasonably or harmfully limited.

3. The nineteenth assignment complaining of the modification of the eleventh instruction for appellant to the effect that a reasonable doubt should arise out of or be supported by a "material fact arising out of any part of the evidence" is technical and at most insufficient to cause a reversal. "Reasonable doubt is purely and simply a reasonable doubt." It is its own complete definition, and the accused is entitled to the verdict of twelve men, each of whom on the whole evidence must be free from any reasonable doubt in his own mind, not the mind of the prosecutor or the court, and he should be allowed to have his own conception of a reasonable doubt and be under no legal compulsion to have to give, or to be able to formulate and state the reason which may raise a reasonable doubt in his mind and conscience. Suffice it to say that if he, in fact, have any, the accused is entitled absolutely to his vote on the verdict." What harm can possibly arise from an instruction telling him that his doubts should be based upon what he considers to be material evidence in the case? Absolutely none. *Klyce's case*, 78 Miss., 450.

Argued orally by *W. H. Magruder*, for appellant.

CALHOON, J., delivered the opinion of the court.

It was fatal error to refuse the defendant the privilege of conferring with his own witnesses, whether they were under the

rule or not.   This has been so held where his counsel were refused this right.   *White* v. *State*, 52 Miss., 216; *Allen* v. *State*, 61 Miss., 627.   And very much more is this so in reference to the defendant himself.   The denial was an invasion of his constitutional right.   It is often of vital importance that both defendant and his counsel should, together, confer with his witnesses in the progress of a trial.   The right cannot be restricted except that the trial court may impose reasonable limitations as to the length of time of the conference.

Instruction No. 11 for the defendant should have been given as asked.   It was in these words: ''A reasonable doubt of defendant's guilt arising out of any part of the evidence after consideration of all the testimony by the jury will justify their acquittal of the defendant.''   The court modified it to read as follows: ''A reasonable doubt of defendant's guilt *as to a material fact* arising out of any part of the evidence after consid eration of all the testimony by the jury will justify their acquittal of the defendant.''

The modification was error.   None but *material facts* should be permitted to go to the jury, and they are not to be *required* to discuss the *materiality* of testimony.   It suffices the defendant if, from the whole, or any part of the evidence, or the lack of evidence, or the incredibility of witnesses, a reasonable doubt arises in the minds of the jurors.   It is a reasonable doubt, from the case made, of defendant's guilt, not of any particular material fact, which authorizes acquittal.

The witness, Measles, should not have been permitted, as we think, to testify to threats of defendant, made seven or eight months before, against the brother of the deceased.

*Reversed and remanded.*