SCOTT *v.* STATE.

Feb. 11, 1952

No. 38317 56 So. 2d 839

L. *Percy Quinn, G. L. Martin, Colin L. Stockdale,* Jackson, for appellant.

*Joe T. Patterson,* Asst. Atty. General, Jackson, for appellee.

ETHRIDGE, J.

Appellant, Earl Scott, was convicted in the Circuit Court of Leflore County of robbery with firearms under Code of 1942, Section 2367, and sentenced to fifteen years in the State penitentiary. See also Code Secs. 1995, 1996. ▇ The verdict and judgment are amply supported by the evidence. The question of appellant's guilt vel non was one for the jury, and the trial court properly denied a requested peremptory instruction and a motion for a new trial.

After the State had rested and appellant had put on four witnesses as to the reputation for truth and veracity of the chief witness for the State, an accomplice of appellant in the crime, appellant's attorneys made a motion that they be allowed a conference with all of the appellant's witnesses "altogether." In denying the motion, the trial court said:

"When the witnesses were sworn before the taking of testimony began, counsel for Defendant stated to the

Court that he wished the rule invoked, whereupon, the rule was invoked and all the witnesses I think, with the exception of the witnesses to the general reputation of Kirby Mitchell, were sworn and caused to be retired from the courtroom.

"The Court will now allow counsel all the time reasonably necessary for him and his associate and his client to confer with the witnesses but not altogether. The Court will allow you such time as appears to be necessary and of course in the presence of the accused, to confer with the witnesses. That is the ruling of the Court."

■■■ Appellant assigns as error this action of the trial court. However, in denying appellant's attorneys the right to confer with their witnesses "altogether," the court expressly granted to appellant all the time reasonably necessary to confer with the witnesses "but not altogether." Appellant made no showing of how or in what respects he would be prejudiced by that ruling of the court. Although the court assigned as a reason the fact that appellant had put all of the witnesses under the rule, and this would not usually be the proper basis for such action, it is apparent that the court's ruling at that stage of the trial was based also on a desire to conserve time and to expedite the hearing. Such matters are generally within the sound discretion of the trial court, in the absence of a showing of abuse of that discretion and of probable prejudice to defendant. 23 C. J. S., Criminal Law, Sec. 1010, p. 380; 53 Am. Jur., Trial, Secs. 31-33; Graham v. State, 1943, 195 Miss. 291, 15 So. 2d 478; see also Griffith, Mississippi Chancery Practice, 2d ed. 1950, Sec. 562, note 37.

■■■ The cases relied upon by appellant, White v. State, 1876, 52 Miss. 216; Allen v. State, 1884, 61 Miss. 627, and Shaw v. State, 1901, 79 Miss. 21, 30 So. 42, are not applicable, because there the trial courts wholly refused to permit defendants' attorneys to confer with witnesses. There was no such refusal here, but on the con-

trary the court expressly granted counsel the right to confer with the witnesses, but at that late stage in the trial denied a conference with the witnesses "altogether." Appellant's attorneys dictated nothing in the record and made no showing whatever which would indicate that appellant was prejudiced by the court's action. The record does not indicate prejudice, and we cannot assume it. The propriety of a trial court's ruling on such a request must necessarily be based upon the particular facts of each case, and under the present circumstances we do not think the court was in error.

██ ██ Appellant attacks the validity of the armed robbery statute, Code of 1942, Section 2367, but that statute has been upheld consistently in the past. Hall v. State, 1933, 166 Miss. 331, 148 So. 793; Boggan v. State, 1936, 176 Miss. 655, 170 So. 282; Cittadino v. State, 1945, 199 Miss. 235, 24 So. 2d 93. Also, the indictment was sufficiently within the statute, and the State's instruction No. 2 was proper.

Affirmed.

*McGehee, C. J.,* and *Alexander, Holmes* and *Arrington, JJ.,* concur.