425 So.2d 1045 (1983)
REAGAN EQUIPMENT COMPANY
v.
VAUGHN GIN COMPANY.
No. 53545.
Supreme Court of Mississippi.
January 26, 1983.
Gerald, Brand, Watters, Cox & Hemleben, Richard T. Starrett, Jackson, for appellant.
Henry, Barbour & DeCell, William H. Barbour, Yazoo City, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
*1046 PATTERSON, Chief Justice, for the Court:
In September of 1979, Sam Dixon, President of Vaughan Gin Company, appellee, contacted Reagan Equipment Company, appellant, concerning mechanical problems he was experiencing with a large gin engine. Bobby Nichols, service manager at appellant's Jackson office, sent a repairman to inspect the engine and it was determined an extensive overhaul was necessary to make it serviceable.
*1047 Dixon came to the appellant's office to discuss the cost of repairs and after inspecting some used engines and considering their cost, authorized the overhaul of his engine. He testified the appellant told him he could repair the engine for around $12,000. This was contradicted by Nichols who stated Dixon was not given a cost estimate because this was time consuming and Dixon needed the engine for the approaching ginning season. In any event Dixon authorized the engine's overhaul and additional repairs on the engine starter and clutch for an additional $2400 and overtime totaling $1,500. The engine was repaired and returned to Dixon with a bill for $34,438.93. After no payment was forthcoming, appellant sought a judgment for the repairs and a lien on the engine. The appellee admitted owing $15,900, but denied any obligation in excess of that sum.
During trial Reagan attempted to introduce the bill and its reasonableness into evidence through Nichols, the service manager. The court would not permit its introduction by Nichols because the invoice was prepared in appellant's home office in Harvey, Louisiana. The judge reasoned a witness from the home office was essential to its introduction, however, Dixon was called by the appellant as an adverse witness and gave evidence to the amount of the bill whereupon it was introduced.
Nichols was then recalled and interrogated concerning the amount of the bill and its reasonableness. The appellee again objected stating that Nichols did not prepare the bill and therefore could not testify as to its amount or reasonableness. Upon the objection being sustained Reagan made a proffer through Nichols who gave testimony of similar bills for the type and extent of the work performed and it was his opinion the repairs to the engine were reasonable and necessary.
After lunch Reagan called one of its Jackson office employees as a witness, whereupon Dixon requested permission to voir dire the proposed witness concerning a possible violation of "the rule." Alexander, the proposed witness, testified he had lunch with Reagan's counsel and Nichols during which he discussed with the attorney his upcoming testimony concerning the introduction of the invoice into evidence. He testified he did not hear Nichols testify and that his testimony was not discussed. After this testimony, upon motion of Dixon, Alexander was excluded as a witness because "the rule" had been violated.
Reagan then rested and Dixon moved to strike the evidence and dismiss the declaration on the ground that plaintiff did not establish that he was qualified and licensed to do business within the state, and there was no evidence presented as to the reasonableness of the bill charged to the defendant. Reagan responded, stating that an affidavit attached to the declaration evidenced the reasonableness of the repairs and requested permission to reopen the case so he might introduce a Certificate of Authority from the Secretary of State that appellant was licensed and qualified to do business in Mississippi. The court denied appellant's request to reopen and granted defendant's motion for dismissal with prejudice. Moreover, although the declaration was dismissed, appellant was granted a judgment in the amount Dixon admitted owing in his answer, $15,900.
Reagan assigns as error the court's refusal to allow it to reopen its case to introduce the Certificate of Authority from the Secretary of State evidencing it was licensed and qualified to do business in Mississippi. Undoubtedly, the opportunity to reopen should be granted when the opposing party would not be surprised and when a refusal would deprive a litigant of the opportunity to introduce material evidence.
In Nelson v. Home Ins. Co., 353 So.2d 763, 765 (Miss. 1977), we cited Marshall v. Oliver Electric Manufacturing Company, 235 So.2d 244 (Miss. 1970), wherein this Court held:

As a general rule, even in formal hearings in a regular trial court, the reopening of a case for the purpose of showing facts vital to the issue involved, is liberally allowed by the trial judge and a failure *1048 to do so may be considered an abuse of judicial discretion. (Emphasis added).
See also Scott v. McClinton, 214 Miss. 364, 58 So.2d 913 (1952). When appellant requested permission to reopen for the limited purpose of offering the Certificate into evidence, no prejudice would have resulted to appellee, and no delay in the proceedings would have occurred, it was error for the court to refuse appellant's motion in our opinion.
Appellant next contends the court erred in excluding the testimony of Alexander because "the rule"[1] had been violated.
The purpose of "the rule" is to prevent witnesses from being in the courtroom while other witnesses testify so as to insure their testimony will not be affected by that of other witnesses. See 6 Wigmore, Evidence §§ 1837-1838 (Chadbourn rev. 1976); Fed.R.Evid. 615 advisory committee note. Cf. Ross v. Segrest, 421 So.2d 1234 (Miss. 1982); Commercial Credit Equipment Corp. v. Kilgore, 221 So.2d 363 (Miss. 1969); Moore v. Chambers, 199 So.2d 261 (Miss. 1967); Grimes v. Grimes, 197 Miss. 315, 20 So.2d 662 (1945); Wilson v. Peacock, 111 Miss. 116, 71 So. 296 (1916); Bernheim v. Dibrell, 66 Miss. 199, 5 So. 693 (1889). The voir dire reveals Alexander was not in the courtroom and the conversation between counsel and Alexander related only to his upcoming testimony concerning the invoices.
Of course a court has the discretion during or before trial, to exclude witnesses from the courtroom. However, we think, the attorneys in the case may consult with the witnesses who have been put under "the rule." In Scott v. State, 218 Miss. 892, 56 So.2d 839, 840 (1952), defendant's attorney requested permission to confer with their witnesses "altogether." In denying this motion, the trial court said:
"When the witnesses were sworn before the taking of testimony began, counsel for Defendant stated to the Court that he wished the rule invoked, whereupon, the rule was invoked... .
The Court will allow counsel all the time reasonably necessary for him and his associate and his client to confer with the witnesses but not altogether." (Emphasis added).
Appellant assigned as error this action by the court. This Court held:
Although the court assigned as a reason the fact that appellant had put all of the witnesses under the rule, and this would not usually be the proper basis for such action, it is apparent that the court's ruling at this stage of the trial was based also on a desire to conserve time and to expedite the hearing....
The cases relied upon by appellant, White v. State, 1876, 52 Miss. 216; Allen v. State, 1884, 61 Miss. 627, and Shaw v. State, 1901, 79 Miss. 21, 30 So. 42, are not applicable, because there the trial courts wholly refused to permit defendants' attorneys to confer with witnesses. There was no such refusal here, but on the contrary the court expressly granted counsel the right to confer with the witnesses, but at that late stage in the trial denied a conference with the witnesses "altogether."
Where a defendant indicted for murder was refused permission to confer with his witnesses after the state rested we held in Shaw v. State, 79 Miss. 21, 24-25, 30 So. 42 (1901):
It was fatal error to refuse the defendant the privilege of conferring with his own witnesses, whether they were under the rule or not. This has been so held where his counsel were refused this right. White v. State, 52 Miss., 216; Allen v. State, 61 Miss., 627... . It is often of vital importance that both defendant and his counsel should, together, confer with his witnesses in the progress of a trial. The right cannot be restricted except that the trial court may impose reasonable limitations as to the length of time of the conference.
*1049 We are of the opinion from the voir dire that the trial court abused its discretion in not permitting Alexander to testify.
It is next argued there was error in excluding testimony as to the sum of the repairs. The court disallowed the introduction of the bill for repair through Nichols because Nichols was not in charge of billing but referred the information upon which the bill was prepared to its home office in Harvey, Louisiana. We think it unnecessary to reach this argument because the invoice was subsequently introduced through an adverse witness and such error, if any, was cured.
The next issue is whether the court erred in not allowing Nichols' testimony as to the bill's reasonableness once it was introduced. Appellee contends there was no evidence that Nichols knew the prices of the parts, nor did he vouch for the correctness of the charges, nor testify as to the reliability of the charging procedure. Therefore, appellee argues Nichols was not qualified as an expert to express his opinion as to the reasonableness of the charges.
The record establishes, however, that Nichols had knowledge of the invoices since he supervised the repairs, received a copy of the invoice sent to Dixon and had been engaged in this field of employment for many years. The court's refusal to permit Nichols to testify on reasonableness was not because Nichols was not an expert, but rather that he had been in the courtroom and had no knowledge of the amount of the bill except through Dixon's testimony.
This Court has held that a witness may testify as to value based on experience. Dyer v. Hobert, 150 Miss. 857, 117 So. 244 (1928). Nichols' proffered testimony was that he had twenty years experience in repairing large engines, was familiar with repairs similar to those on the gin in question and had received a copy of the bill sent to the gin company. From this we are of the opinion he was qualified to give testimony as to the reasonableness of the bill introduced into evidence and that the court erred in not permitting his testimony.
REVERSED AND REMANDED.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
DAN M. LEE, J., takes no part.
NOTES
[1] See both Miss.Unif.Cir.Ct.R. 3.04 and Fed.R. Evid. 615 for a statement of the rule regarding exclusion of witnesses from the courtroom during trial.