# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00841-COA

**CHRISTOPHER LEE CONYERS A/K/A**                **APPELLANT**
**CHRISTOPHER L. CONYERS A/K/A**
**CHRISTOPHER CONYERS**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/19/2015 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER LEE CONYERS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.    Christopher Conyers appeals the Lafayette County Circuit Court's denial of his motion for postconviction relief (PCR). Conyers claims that the trial court lacked subject-matter jurisdiction to convict or sentence him. We find that the trial court possessed subject-matter jurisdiction over Conyers, and we affirm the trial court's denial of Conyers's PCR motion.

## FACTS

¶2.    According to the facts gleaned from Conyers's filings, Conyers was convicted of

armed robbery pursuant to Mississippi Code Annotated section 97-3-79 (Rev. 2014), although it is unclear from the record whether Conyers's conviction resulted from a guilty plea or jury trial.[1] On March 12, 2015, Conyers filed a pro se motion to dismiss for lack of subject-matter jurisdiction. In support of his motion, Conyers claimed that section 97-3-79 lacked an enacting clause and thus constituted an invalid law. He asserted that the trial court therefore lacked jurisdiction to convict or sentence him.

¶3. The trial court, treating Conyers's motion as a PCR motion, denied the motion. Conyers filed a motion for reconsideration on April 9, 2015, which the trial court denied in an order on May 27, 2015. The trial court granted in forma pauperis status to Conyers on July 7, 2015. Conyers now appeals.

## STANDARD OF REVIEW

¶4. Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) states that a trial court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief."

¶5. Mississippi Code Annotated section 99-39-5(1) (Rev. 2015) establishes:

> Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:

---

[1] The State has attached an exhibit to its brief showing a page from the Lafayette County Circuit Court docket reflecting that Conyers pleaded guilty to armed robbery in violation of section 97-3-79 on April 28, 2014.

2

(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;

(b) That the trial court was without jurisdiction to impose sentence;

(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional[.]

Additionally, "[t]he PCR movant bears the burden of proving by a preponderance of the evidence that he . . . is entitled to relief." *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011).

¶6.     "[W]e review a trial court's fact findings under the clearly erroneous standard and its determinations of law de novo," and we "will only reverse a trial judge's denial of [PCR] if it was clearly erroneous." *Norris v. State*, 162 So. 3d 833, 837 (¶16) (Miss. Ct. App. 2014).

## DISCUSSION

¶7.     As a preliminary matter, we must take notice that the record before us fails to contain Conyers's indictment or any order reflecting his conviction or sentence for armed robbery. In *Smith v. State*, 129 So. 3d 243, 245 (¶6) (Miss. Ct. App. 2013), this Court explained that "the PCR movant bears the burden of presenting a record which is sufficient to undergird his assignments of error."

¶8.     Conyers argues that he was charged under a fatally defective indictment, which deprived the trial court of jurisdiction to convict and sentence him. Conyers specifically argues that section 97-3-79, the statute under which he was indicted and convicted, "has displayed gross deviation from the original bill pass[ed] by the Legislature and approved by the government" by failing to include an "enacting clause." In support of his argument,

Conyers cites to Article 4, Section 56 of the Mississippi Constitution, which provides: "The style of the laws of the State shall be: 'Be it enacted by the Legislature of the state of Mississippi.'" Conyers alleges that none of the laws in the Mississippi Code contain this enacting clause, and therefore the entire code, including section 97-3-79, is unconstitutional. Conyers maintains that since the statute under which he was indicted is unconstitutional, his indictment is thus fatally defective.

¶9. Regarding Conyers's assertions about the unconstitutionality of section 97-3-79 due to its failure to include an enacting clause, we find that Mississippi Code Annotated section 1-1-8(1) (Rev. 2014) provides evidence of the enacting clause for the laws published in the Mississippi Code:

> The Mississippi Code of 1972 Annotated, as amended, modified and revised from time to time, that is published by the company with which the Joint Legislative Committee on Compilation, Revision and Publication of Legislation has contracted under Section 1-1-107(a):
>
> (a) Is the official code of the public statute laws of the State of Mississippi that are enacted by the Legislature; and
>
> (b) Shall be used, received, recognized and referred to as the official code of the public statute laws of the State of Mississippi, and shall be considered as evidence of the public statute laws of the State of Mississippi, in all courts of the State and by all public officers, offices, departments and agencies of the state and its political subdivisions, and in all other places or instances where the public statute laws of the State may come into question. However, if there is any conflict between the language of any statute as it appears in the Mississippi Code of 1972 Annotated and in the General Laws of Mississippi, the language in the General Laws shall control; and if there is any conflict between the language of any statute as it appears in the General Laws of Mississippi and in the original enrolled bills enacted by the Legislature, the language in the enrolled bills

4

shall control.

*See also* 1932 Miss. Laws ch. 328, § 1 (1932 robbery statute contained the enacting clause "[b]e it enacted by the Legislature of the State of Mississippi").

¶10.    The enrolled bill, signed by the speaker of the house of representatives, the president of the senate, and the governor, serves as the official evidence of enactment.  *See* 8 Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 68:19, at 64 (2001).  After the governor signs the enrolled bill, the document, now an enrolled act, is then maintained by the secretary of state.  Miss. Code Ann. § 7-3-5 (Rev. 2014).  The enacted enrolled bills are then codified in the Mississippi Code and published pursuant to the authority of Mississippi Code Annotated sections 1-1-8 and 1-1-107(a) (Rev. 2014).  Each section of the Mississippi Code is followed by a source note showing the acts of the Legislature upon which it is based, including the act that originally enacted the section and any subsequent amendments.  The source note for section 97-3-79 reflects that the Legislature originally enacted this law in 1932, and the current statutory language was approved on April 23, 1974.

¶11.    As to Conyers's claim that the trial court herein lacked subject-matter jurisdiction to convict and sentence him for the felony of armed robbery, Mississippi Code Annotated section 9-7-81 (Rev. 2014) states that circuit courts "shall have power to hear and determine all prosecutions in the name of the state for treason, felonies, crimes, and misdemeanors[.]"  In *Chapell v. State*, 107 So. 3d 1003, 1006 (¶9) (Miss. Ct. App. 2012), this Court recognized that "a circuit court obtains 'subject[-]matter jurisdiction over the subject of a particular offense' when an indictment charging the essential elements of a crime is served on a

defendant." Moreover, the Mississippi Supreme Court has consistently upheld the validity of Mississippi's armed-robbery statute. *See Scott v. State*, 218 Miss. 892, 896, 56 So. 2d 839, 840 (1952); *Hall v. State*, 166 Miss. 331, 331, 148 So. 793, 794 (1933) (finding that the original enactment in 1932 for the offense at issue constituted a new, complete, and independent enactment).

¶12.    We thus find no merit to Conyers's arguments. Conyers thus failed to meet his burden of proving that he is entitled to PCR. After our review of the meager record before us, we find no error in the trial court's order denying Conyers's PCR motion.

¶13.    **THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**