# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00203-COA

**PATRICK L. KING A/K/A PATRICK LASHUN KING A/K/A PAT L. KING A/K/A PATRICK KING**                                        APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2016 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PATRICK L. KING (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL-POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/22/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Patrick King pled guilty in the Circuit Court of Copiah County to six counts of counterfeiting records. King later filed his first petition for postconviction relief (PCR) in the circuit court, and it was denied. King appealed the circuit court's denial of his first petition, and this Court dismissed that appeal. *King v. State*, 2013-TS-01166-COA (Miss. Ct. App. Aug. 27, 2013). King filed a second PCR petition, but the circuit court dismissed King's petition for lack of jurisdiction. King subsequently filed an appeal in the Mississippi Supreme Court, and the Supreme Court found that the circuit court erred in dismissing King's PCR petition. Thereafter, King refiled his second PCR petition in the circuit court,

and the circuit court denied that petition, finding that it was successive and without merit. King now appeals the circuit court's decision. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Around April 2012, King sold five DVDs and one CD to an undercover investigator with the attorney general's office. The transaction was recorded on camera. King was indicted on six counts of violating Mississippi Code Annotated section 97-23-89 (Rev. 2014), "which prohibits the sale or distribution of recordings without display of required information" (commonly referred to as "piracy"). He was also indicted on one count of being a felon in possession of a firearm, in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2014).

¶3. After King sold the items, investigators obtained a search warrant and searched his business. The investigators recovered around one thousand fifty DVDs and CDs.[1] After investigators discovered the items at King's business, they searched King's home, with the consent of his wife, and discovered various electronic devices that were likely used to produce the counterfeit DVDs and CDs.

¶4. On October 15, 2012, King entered a guilty plea on the six counts of piracy. However, he agreed to an open plea in exchange for the dismissal of the charge of being a felon in possession of a firearm. During his plea proceeding, King acknowledged that he understood he was waiving certain constitutional rights by pleading guilty. King expressed

---

[1] The trial transcript indicates that the State recovered approximately 10,500 CDs and DVDs. However, according to the State's evidence and property report, prepared following the search of King's business, the State recovered 750 DVDs/CDs and 300 additional DVDs/CDs.

that he understood that the maximum sentence for each charge was three years. He also stated that he "understood the elements of the crime" "to knowingly fail to disclose the name and address of the manufacturer on the DVD and CD," and that he did fail to disclose the information. King indicated that he was pleading guilty because he was guilty, and that he knowingly and voluntarily entered his plea. King noted that he made the determination to plead guilty, and that he was very happy with his counsel.

¶5. The circuit court accepted King's six guilty pleas, finding that the pleas were knowingly, intelligently, and voluntarily made. The circuit court did not enter a sentence on that date; instead it delayed sentencing to permit the State to make sentencing recommendations. The State recommended that King be sentenced to eighteen years in custody of the Mississippi Department of Corrections (MDOC), three years each on counts I through VI; counts I through V would run consecutively, and count VI would run concurrently – resulting in fifteen years to serve; King then would serve three years of postrelease supervision (PRS).

¶6. The circuit court accepted the State's sentencing recommendation. Thereafter, King filed a motion for a sentence reduction, and the circuit court granted that motion. King was resentenced to eighteen years in the custody of MDOC, with five years to serve, and the remainder suspended for PRS. The circuit court also granted the State's request that King forfeit other pirated items and equipment used to make those items.

¶7. In 2013, King filed his first PCR motion, which the circuit court denied. King's appeal of that decision was untimely, and this Court therefore dismissed the appeal. *King v.*

3

*State*, 2013-TS-01166-COA (Miss. Ct. App. Aug. 27, 2013).

¶8. On October 22, 2015, King filed his second PCR petition, which is at issue here. He contended that his sentence violated the Constitution; that he was denied a preliminary hearing; that his case was not submitted to a grand jury; that he received ineffective assistance of counsel; and that the State was without jurisdiction to prosecute him for copyright infringement. The circuit court dismissed the petition, finding that it lacked the jurisdiction to hear the petition.

¶9. King filed with the Mississippi Supreme Court a motion for leave to file a PCR petition in the circuit court. The Supreme Court dismissed King's motion without prejudice and directed him to file his petition in the circuit court. King refiled his second PCR petition in the circuit court, which the court denied as successive and without merit. King now appeals. Finding no error, we affirm.

## STANDARD OF REVIEW

¶10. We review the dismissal or denial of a PCR petition for abuse of discretion. We will only reverse if the circuit court's decision is clearly erroneous. *Hughes v. State*, 106 So. 3d 836, 838-9 (¶4) (Miss. Ct. App. 2012) (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). When reviewing questions of law, our standard is de novo. *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004). "The [circuit] court may summarily dismiss a PCR [petition] where 'it plainly appears from the face of the [petition], any annexed exhibits and the prior proceedings in the case that the [petitioner] is not entitled to any relief.'" *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (quoting Miss.

4

Code Ann. § 99-39-11(2) (Supp. 2010)). "This court will affirm the summary dismissal of a PCR [petition] if the movant fails to demonstrate 'a claim procedurally alive substantially showing the denial of a state or federal right.'" *Id.* (quoting *Robinson v. State*, 19 So. 3d 140, 142 (¶6) (Miss. Ct. App. 2009)).

## DISCUSSION

### I. Whether the circuit court erred in dismissing King's PCR petition as successive-writ barred.

¶11. The circuit court dismissed King's PCR petition finding that he was not entitled to any relief. The court noted that an evidentiary hearing was not required because King's petition was successive and lacked merit. On appeal, the State argues that King's second petition constituted a successive writ and was properly dismissed. The State cites Mississippi Code Annotated section 99-39-23(6) (Rev. 2015), which provides that "any order dismissing the petitioner's motion or otherwise denying relief is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."

¶12. King filed his first PCR petition in 2013. That petition was denied. King appealed that denial, and this Court dismissed his appeal. King then filed his second PCR petition in 2015. Though there are exceptions to the procedural bar against successive writs, none of those exceptions apply here. Accordingly, we find that King's PCR petition was successive and is procedurally barred.

### II. Whether the circuit court erred in finding King's petition lacked merit.

¶13. Notwithstanding the procedural bar, we will address the merits of King's arguments.

5

In his PCR petition and on appeal, King argues that his sentence was unconstitutional, that he was erroneously denied a preliminary hearing, and that his case was not submitted to a grand jury. King further argues that he received ineffective assistance of counsel, and that the State lacked jurisdiction to prosecute him for copyright infringement. After careful review, we find King's arguments lack merit.

¶14. In his petition, King asked the circuit court to overturn his convictions, claiming that federal law prohibits state-level prosecutions for copyright infringement, and also that his attorney rendered ineffective assistance of counsel. We do not agree. King was not convicted of copyright infringement; he was convicted of failure to display required information, in violation of Mississippi Code Annotated section 97-23-89(2). During King's plea colloquy, he acknowledged that he understood the crimes that he was charged with and admitted his guilt. King also acknowledged that he understood the maximum and minimum sentences that he could receive for each charge.

¶15. King was caught on camera selling pirated CDs and DVDs to an undercover investigator. One thousand fifty DVDs and CDs were confiscated, and the statutorily required information was not attached to the counterfeited material. Therefore, King was guilty of violating section 97-23-89. Accordingly, this argument is without merit.

¶16. King's claim that he was denied effective assistance of counsel is also without merit. To be entitled to relief based on a claim of ineffective assistance of counsel, King must show (1) that his counsel's performance was deficient, and (2) that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). King asserts that his counsel

6

pressured him into a last-minute plea deal. Nevertheless, during his plea colloquy, King acknowledged that he was guilty, that he decided to plead guilty without the influence of another person, and that he was satisfied with his counsel's performance. Accordingly, we find this argument lacks merit.

¶17. King also argues that his constitutional rights to a preliminary hearing and to have his case submitted to a grand jury were violated. We disagree. King entered into an open plea to avoid being charged with being a felon in possession of a firearm. During his plea colloquy, King acknowledged that he understood that he waived certain rights in entering a plea of guilty in exchange for the State abandoning the seventh charge. Accordingly, these arguments lack merit.

¶18. Finally, King asserts his sentence is unconstitutional. Yet he fails to cite any arguable basis for this claim. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Byrom v. State*, 863 So. 2d 836, 853 (¶35) (Miss. 2003) (citing *Simmons v. State*, 805 So. 2d 452, 487 (Miss. 2001)). We likewise find this issue has no merit.

¶19. After careful consideration of all facts and circumstances surrounding King's second PCR petition, we find that the circuit court did not err in denying his petition.

¶20. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**