## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-CP-01033-COA

**MICHAEL ISHEE**                                                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                          **APPELLEE**

DATE OF JUDGMENT:              05/20/2016
TRIAL JUDGE:                           HON. LISA P. DODSON
COURT FROM WHICH APPEALED:  HARRISON COUNTY CIRCUIT COURT,
                                                   FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      W.F. HOLDER II
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                                   BY: ABBIE EASON KOONCE
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                        AFFIRMED - 11/28/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Michael Ishee appeals the Harrison County Circuit Court's denial of his motion for post-conviction relief (PCR), after pleading guilty to one count of exploitation of a child under Mississippi Code Annotated section 97-5-33(5) (Supp. 2007). He claims that, at the time of his indictment and conviction, section 97-5-33(5) was overbroad and unconstitutional because it lacked the element of scienter.

FACTS

¶2.     On December 5, 2011, Ishee was indicted on nineteen counts of exploitation of a child. The indictment charged that, on or about July 12, 2010, Ishee possessed visual

depictions of actual children under the age of eighteen years engaging in sexually explicit conduct. These images were found on the hard drive of his computer. The State agreed to pass eighteen counts to the files, and Ishee entered a plea of guilty to Count I. Sentencing was deferred to a later date, at which time Ishee was sentenced to twenty years, with eight years suspended, leaving twelve years to serve, followed by four years of probation. Ishee timely filed his PCR motion; however, it was denied by the circuit court. This appeal followed.

DISCUSSION

¶3.     We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. We review issues of law de novo. Under Mississippi Code Annotated section 99-39-11(2) (Rev. 2015), a trial court may deny a PCR motion if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief.

*Wilson v. State*, 203 So. 3d 762, 764 (¶6) (Miss. Ct. App. 2016) (internal citations and quotations omitted).[1]

¶4.     Ishee argues that section 97-5-33(5), as written at the time of his indictment, was unconstitutional because it lacked a scienter requirement. At that time, section 97-5-33(5) read: "No person shall, by any means including computer, possess any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually

---

[1] We note that Ishee's PCR motion is proper under Mississippi Code Annotated section 99-39-5(1)(c) (Rev. 2015), as he challenges the constitutionality of the statute he was sentenced under. *See Conyers v. State*, 196 So. 3d 170, 171 (¶5) (Miss. Ct. App. 2016).

2

explicit conduct." Effective July 1, 2013, this section was amended to read: "No person shall, by any means including computer, *knowingly* possess *or knowingly access with intent to view* any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct." Miss. Code Ann. § 97-5-33(5) (Rev. 2014) (emphasis added).

¶5. Count I of Ishee's indictment reads that Ishee

did wi[l]lfully, unlawfully, feloniously possess[] visual depictions of actual children, under the age of eighteen years, engaging in sexually explicit conduct: namely that Mike Ishee[] did possess visual depictions of actual children, under the age of eighteen years, engaging in sexually explicit conduct on a Western Digital hard drive with a serial number of WMATJ3553758, all in violation of 97-5-33(5) of the Mississippi Code of 1972, as amended, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

¶6. In support of his argument, as discussed below, Ishee relies on United States Supreme Court rulings in similar cases that require a scienter requirement for conviction. Furthermore, he asserts that the State acknowledged this error when the statute was revised in 2013. The State responds that the issue being raised by Ishee was previously decided in *Renfrow v. State*, 34 So. 3d 617 (Miss. Ct. App. 2009). The State contends that Ishee admitted that he willfully possessed child pornography. He also admitted that he downloaded the child pornography, and knew it was illegal based upon his statements at his plea hearing:

[BY THE COURT]:     Mr. Ishee, according to the cause number 11-813, count one, it says that this exploitation occurred on or about July 12, 2010. Tell me about what happened in your case[.]

3

| | |
|---|---|
| [BY ISHEE]: | I was found to be in possession of something that goes against the statute. |
| [BY THE COURT]: | So tell me. Where were you in possession of it? |
| [BY ISHEE]: | At my home. |

* * * *

| | |
|---|---|
| [BY THE COURT]: | So you downloaded it on the computer? |
| [BY ISHEE]: | Yes ma'am. |

* * * *

| | |
|---|---|
| [BY THE COURT]: | So you downloaded pictures or videos of children under the age of 18 engaging in sexual explicit conduct, is that correct? |
| [BY ISHEE]: | Yes ma'am. |

In this case, there was no challenge to either Ishee's indictment or the statute, before or during his plea hearing. Pursuant to *Ryals v. State*, 881 So. 2d 933, 936 (¶13) (Miss. Ct. App. 2004), "[i]n a request for post-conviction relief, a trial court is entitled to place great weight on the testimony given at a plea hearing." Emphasis should be placed on Ishee's statements made at his hearing.

¶7. Ishee's counsel relies on *New York v. Ferber*, 458 U.S. 747 (1982), in support of his argument—that there must be some form of scienter to sustain convictions for possession of child pornography. He specifically quotes the *Ferber* court: "As with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant." *Id*. at 765. Though not referenced by Ishee, we note that the *Ferber* court

also held that "states are entitled to greater leeway in the regulation of pornographic depictions of children." *Id.* at 756.

¶8. The State contends that under *Ferber*, this requirement was met when Ishee pleaded guilty to willfully possessing child pornography on his hard drive. Thus, the requirement of scienter was met. Additionally, the State relies on the similar ruling in *Renfrow*, 34 So. 3d at 625 (¶19). Renfrow sought to dismiss his case on the basis that there was a lack of scienter in the same statute at issue today. The motion was denied, as willfully possessing child pornography was the basis of scienter for convicting Renfrow. The crux of this case is whether Ishee was convicted under an unconstitutional statute. During his plea hearing, he admitted to willfully possessing child pornography. "Willfully" indicates scienter. Ishee argues that *Renfrow* is inapplicable, that this Court erred in that decision, and that we should overrule *Renfrow* in this case.

¶9. In addition, Ishee argues that, by inserting elements of a crime into the indictment that were not in the statutory definition of the crime, the State violated the separation of powers as mandated by the Mississippi Constitution. He also argues that this would be an ex post facto law and therefore unconstitutional. The State responds that it was not improper to charge Ishee with willful possession of child pornography. Since Ishee's indictment charged him with willfully, unlawfully, and feloniously possessing child pornography, and Ishee admitted to knowingly possessing child pornography, it was irrelevant that section 97-5-33(5) did not have a mens rea element, just as this Court found in *Renfrow*.

¶10.     Again, this Court in *Renfrow* provided clear guidance on this exact issue in 2009:

> [O]ur decision need not turn on whether section 97-5-33(5) is unconstitutionally vague simply because it does not contain a mens rea element. The State charged Renfrow with willful possession of child pornography. That is, Count II of the indictment against Renfrow contained language that included an allegation that Renfrow willfully possessed child pornography. By including that language, the State imposed a mens rea requirement, and it was obligated to prove that aspect of the charge beyond a reasonable doubt. Consequently, under the circumstances, it is irrelevant that section 97-5-33(5) does not include a mens rea element.

*Renfrow*, 34 So. 3d at 625 (¶19). The subsequent change in the statute therefore has no bearing on this case. As such, we affirm.

¶11.     **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**