# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01396-COA

PATRICK L. KING A/K/A PATRICK LASHUN KING A/K/A PAT L. KING A/K/A PATRICK KING

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

DATE OF JUDGMENT: 10/22/2019
TRIAL JUDGE: HON. TOMIKA HARRIS IRVING
COURT FROM WHICH APPEALED: COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: PATRICK L. KING (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: BARBARA WAKELAND BYRD

NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 09/29/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Patrick King was indicted in 2012 for six counts of selling recordings that did not display the manufacturer's name and address (i.e., for selling five pirated DVDs and one pirated CD) in violation of Mississippi Code Annotated section 97-23-89(2)(a) (Rev. 2014),[1]

---

[1] The statute provides in relevant part:

It shall be unlawful for any person to manufacture or knowingly (a) sell, rent, distribute or circulate, (b) cause to be sold, distributed or circulated, or (c) possess with intent to sell, rent, distribute or circulate, for any compensation, a recorded article or device containing sounds or images, including any phonograph record, tape, disc, videocassette, film or other article or device upon which sounds or images may be fixed or reproduced, without the actual

and for possessing a firearm (an AK-47) as a felon. King pled guilty to the six counts of selling pirated recordings. In exchange, the State agreed to nolle prosequi the firearm charge and several other charges under two other indictments. The circuit court ultimately sentenced King to eighteen years in the custody of the Department of Corrections (three years on each count), with thirteen years suspended and five years to serve.

¶2. In 2013, King filed a motion for post-conviction relief (PCR). The circuit court denied the motion, and King appealed. However, this Court dismissed King's appeal as untimely. *King v. State*, No. 2013-TS-01166-COA (Miss. Ct. App. Aug. 27, 2013).

¶3. In 2015, King filed a second PCR motion. The circuit court denied the motion as successive. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015) (An order dismissing or denying a PCR motion "shall be a bar to a second or successive PCR motion."). King appealed. This Court affirmed, holding that the successive-motion bar applied and that King's claims were without merit. *See generally King v. State*, 239 So. 3d 508 (Miss. Ct. App. 2017), *cert. denied*, 245 So. 3d 594 (Miss. 2018).

¶4. In 2019, King filed a third PCR motion, alleging that the statute under which he was convicted, Miss. Code Ann. § 97-23-89(2)(a), was unconstitutional because it "was never enacted by the Legislature."[2] The circuit court denied the motion. King appeals from the

---

name and street address of the manufacturer thereof . . . .

Miss. Code Ann. § 97-23-89(2). In April 2012, King sold the pirated DVDs and CDs to an undercover investigator with the Mississippi Attorney General's Office.

[2] Although King's motion did not specifically invoke the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any "pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules

2

denial of his motion.[3]

¶5.     King argues that his conviction must be set aside because the specific language used in his indictment and the designation "(a)" were omitted when amendments to the statute were recorded in the 1992 General Laws of Mississippi. *See* 1992 Miss. Laws ch. 556, § 2. King admits that the relevant language and the "(a)" were included in the 2011 General Laws, which recorded the most recent amendment to the statute prior to King's offense. *See* 2011 Miss. Laws ch. 346, § 6. He also admits that the relevant language and the "(a)" were in the official Mississippi Code Annotated at the time of his offense. However, King argues that the omissions in the 1992 General Laws render his conviction unconstitutional.

¶6.     King's argument is without merit.[4]  King is correct that there are omissions in the

---

promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011). A motion challenging the constitutionality of a statute under which the movant was convicted is cognizable under the UPCCRA. *See* Miss. Code Ann. § 99-39-5(1)(c) (Rev. 2015). Therefore, King's motion must be treated as a PCR motion.

[3] King actually filed his notice of appeal before the circuit court entered its order denying his PCR motion. He filed his notice following a hearing at which the court orally denied a different motion—a motion to expunge his conviction. Under Mississippi Rule of Appellate Procedure 4(b), "[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day of the entry." By its terms, Rule 4(b) appears inapplicable because the transcript does not show that the circuit court orally announced a ruling on King's PCR motion. Thus, it appears that King filed his notice of appeal too soon, possibly because he misunderstood the court's oral ruling. If King's notice of appeal was premature, we nonetheless choose to suspend the rules and consider the appeal. *See* M.R.A.P. 2(c).

[4] King's third PCR motion is successive, Miss. Code Ann. § 99-39-23(6), and untimely, Miss. Code Ann. § 99-39-5(2). Nonetheless, in an abundance of caution, we will address the merits of King's claim that the statute is unconstitutional. *See Fulgham v. State*, 47 So. 3d 698, 700 (¶6) (Miss. 2010) (holding that "a conviction under an unconstitutionally vague statute" is not subject to the UPCCRA's procedural bars).

3

language of the statute as it appeared in the 1992 General Laws. However, the actual legislative enactment—the enrolled bill (House Bill 217, 1992 Regular Session) signed by the speaker of the house of representatives, the president of the senate, and the governor—included the specific language and subsection designation used in King's indictment.[5] In the case of such a conflict, the language in the enrolled bill controls. Miss. Code Ann. § 1-1-8(1)(b) (Rev. 2019) ("[I]f there is any conflict between the language of any statute as it appears in the General Laws of Mississippi and in the original enrolled bills enacted by the Legislature, the language in the enrolled bills shall control."); *see also Conyers v. State*, 196 So. 3d 170, 172 (¶10) (Miss. Ct. App. 2016) ("The enrolled bill . . . serves as the official evidence of enactment."). Moreover, at all relevant times, the language of section 97-23-89(2) prohibited the sale of pirated DVDs and CDs, and the omissions in the 1992 General Laws were corrected in the official Code long before King committed his offense. King's indictment, plea, and conviction were unquestionably valid. Therefore, the circuit court properly denied King's motion for post-conviction relief.[6]

¶7.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[5] The enrolled bill signed by Speaker Tim Ford, Lieutenant Governor Eddie Briggs, and Governor Kirk Fordice is available at the Mississippi Department of Archives and History.

[6] Any additional issues that King asserts on appeal are barred by the statute of limitations and the successive-motion bar, *see supra* n.4, and procedurally barred because they were not raised in the circuit court and are not adequately briefed on appeal. *See, e.g.*, *Haney v. State*, 281 So. 3d 84, 90 (¶18) (Miss. Ct. App. 2019); *Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017).